## FLYNN *vs.* BAILEY.

As a general rule, when an attorney is employed, all papers in the cause must be served upon him, instead of the party. The only exception to this rule is where the object is to bring the party into contempt.

Where an order required that, if the defendant refused to refund certain money within twenty days after service of a copy, a judgment should be set aside and vacated, but did not require a personal service upon the defendant; *Held* that a service upon his attorney was sufficient.

A cause of action for the recovery of money collected upon a judgment, regular on its face, and not for a tort, is improperly united with a cause of action to recover damages for an alleged false imprisonment of the plaintiff, where it does not appear satisfactorily and clearly from the complaint, by a proper statement of the facts, that the causes of action arose out of the same transaction. A mere general allegation that they so arose, is not enough

The provision of the Code, requiring that the complaint shall contain a plain and concise statement of the facts which constitute the cause of action, applies to each count of the complaint; and the general allegation that the second cause of action arose out of transactions connected with the first, does not establish a case within the above rule.

APPEAL from an order made at a special term, everruling a demurrer to the complaint. The complaint alleged that, on the 6th day of July, 1864, the plaintiff, in due form of law, recovered a judgment for $60 and costs, in a justice's court of the city and county of Schenectady, before Joseph Harman, one of the justices of the peace of said city and county. That within twenty days thereafter, the defendant appealed from said judgment to the Schenectady county court. That while said appeal was pending, and on the — day of ——, 1865, the county judge of Schenectady county duly certified the same to the Supreme Court. That while the same was pending in the Supreme Court, and in August, 1865, the plaintiff and the defendant fully and fairly settled the said appeal, and all the issues and matters involved in said action and appeal, the defendant for such purpose then paying the plaintiff $25, and each party agreeing to pay his own costs. That the defendant disregarded said settlement, and caused the said action and appeal to be placed upon the calendar of the Schenectady county circuit court, held at

Schenectady on the 3d Tuesday of October, 1865, and when the same was reached in its order upon the calendar, through his attorney and counsel, D. C. Beattie, Esq. announced that he was ready for trial. That the plaintiff, relying upon such settlement, did not attend the said court, and did not know that the defendant had taken any further proceedings in said action. That the defendant, then at the circuit court aforesaid, obtained judgment against the plaintiff in the said action and appeal, reversing the said judgment of the justice, with costs, against the plaintiff. That the defendant, by his said attorney, thereupon, and on the 18th day of April, 1866, caused judgment upon such reversal to be entered and docketed in the Schenectady county clerk's office against this plaintiff, in the sum of $50.18 costs. That on the 9th day of May, 1866, the defendant filed, or caused to be filed, a transcript of said judgment in the Albany county clerk's office, and on the same day issued execution thereon, signed by his said attorney, to the sheriff of Albany county, in which county the plaintiff then resided, against the property of the plaintiff, for the amount of said judgment. That the said sheriff, on the same day, returned the same unsatisfied. That the defendant, on the same or following day, procured another execution to be issued to the said sheriff of Albany county, for the same sum against the person of this plaintiff, in the usual form. That such proceedings were taken by the said sheriff, under the command of said execution, and the direction of the defendant and his attorney, that this plaintiff was compelled to, and on the 11th day of May, 1866, did, pay the amount of said judgment and execution to the said sheriff, together with the sheriff's fees and poundage thereon, amounting, in the whole, to the sum of $55.18, who thereafter paid the same, less $5, fees and poundage to the defendant's attorney. That until said execution was issued, this plaintiff had no knowledge of any of the proceedings of the defendant, subsequent to the settlement of said appeal and herein before

mentioned.   That afterwards, and at a special term of the Supreme Court, held at the city hall, in the city of Albany, on the 26th day of June, 1866, upon due service of affidavits and notice of motion, and upon motion of counsel for this plaintiff, and after hearing the attorney for the defendant in opposition, it was ordered that the judgment before referred to, entered in the Schenectady county clerk's office as aforesaid, against the plaintiff, be set aside, provided the plaintiff stipulate that he will not bring an action for false imprisonment, if the defendant refund to the plaintiff the amount of the judgment paid by the plaintiff, deducting clerk's fees for entering same, and $10 costs of opposing motion, and that if the defendant refuse to refund as above, within twenty days after service of copy of order, then the judgment to be set aside unconditionally.   That said order was entered with the clerk of Schenectady county, on the 18th day of July, 1866.   That, on the same day, a copy of said order was served upon the defendant's attorney, who then waived a tender of said stipulation, which the plaintiff was ready and willing to make, and acting for and in behalf of said defendant, refused to refund then, or at any time, as provided by said order, upon the terms mentioned in said order.

Whereupon the plaintiff claimed that the defendant was indebted to him in the sum of $55.18, with interest thereon from May 12, 1866, no part whereof had been paid or satisfied.

And for a second and further cause of action, the plaintiff further alleged that, at the town of Watervliet, and in the city of Albany, on the 10th and 11th days of May, 1866, the defendant maliciously, and with intent to injure this plaintiff, did, by force, which the defendant then and there employed and procured, compel this plaintiff to go with the sheriff of the county of Albany, from the town of Watervliet, to the county jail, in the city of Albany, and there situate, and did there cause this plaintiff to be imprisoned in the said county jail, and did then and there cause him to be detained and restrained of his liberty for the space of twenty-

four hours, without reasonable cause, and without any right or authority so to do, and against the will of this plaintiff, to the damage of this plaintiff $100.

That the cause of action last set forth arises out of transactions connected with the first cause of action herein before set forth.

Whereupon the plaintiff demanded judgment against the defendant, in the sum of $55.18 and interest thereon, from May 11, 1866, on account of the first cause of action, and in the further sum of $100, on account of the second cause of action set forth in his complaint, besides costs.

The defendant demurred to the complaint, and stated the following grounds of demurrer:

1. That it appears, on the face of the said complaint, that several causes of action have been improperly united.

2. That said complaint does not state facts sufficient to constitute a cause of action.

The court gave judgment for the plaintiff, on the demurrer, with leave to the defendant to answer on terms; and the defendant appealed.

*Mitchell & Beattie,* for the appellant, defendant.

*J. S. Landon,* for the respondent, plaintiff.

*By the Court,* MILLER, J.  I think that the first count in the plaintiff's complaint contains a good cause of action. According to the printed points submitted, the principal and only objection to the first cause of action stated in the plaintiff's complaint consists in the fact that the order therein set forth was served upon the defendant's attorney, and not upon the defendant personally, and that the attorney, and not the defendant, refused to refund the money.  It is claimed that the service upon the attorney was not a compliance with the order, and that his refusal was not equivalent to a refusal of the party, and for that reason the judgment still remains

Flynn *v.* Bailey.

unvacated and in full force. The point is not very fully discussed in the defendant's brief, and is not noticed by the plaintiff, and I must therefore dispose of it with such light as I am able to obtain, instead of any special aid from either of these sources of information.

I think that the service upon the attorney was sufficient, and in conformity with the order. The order provided that if the defendant refused to refund the money within twenty days after service of a copy, then the judgment should be vacated and set aside unconditionally. It did not require a personal service upon the defendant, and as he had appeared by an attorney I think that a service upon such attorney was all that was required. As a general rule, when an attorney is employed, all papers in the cause must be served upon him, instead of the party. *(Code,* § 417.) He stands in the place of the party, and acts for him and in his behalf. It is his duty to protect the rights of the party, and to see that they are properly cared for. Where an attorney has given notice of retainer, the only exception to the rule that all papers in the action must be served upon him is, in case the object is to bring the party into contempt. In such case the service should be personal as the remedy is sought against the party individually as in a proceeding for a contempt. (1 *Bur. Pr.* 351, 352.) The order in the case, set forth in the plaintiff's complaint, vacated the judgment if the money was not refunded within a given time, and was not, I think, within the exception named, so as to require a personal service upon the defendant.

As to the second cause of action, I am inclined to think that it is improperly united with the first, and that the demurrer should be sustained for that reason. The first cause of action is for the recovery of money collected upon a judgment, regular upon its face, and not for a tort. The second cause of action is, to recover damages for the alleged false imprisonment of the plaintiff. They are not both of the same character, and if they can be united it must be for the reason

that they arose out of the same transaction or transactions, connected with the same subject matter as the action. (*Code,* § 167, *subd.* 1.)

I think this does not sufficiently appear, and the general allegation in the complaint, to that effect, does not establish that fact. It is not stated in what way or manner it thus arose, but is left entirely to be inferred. This is not enough. It should appear satisfactorily and clearly by the pleading itself, that the cause of action alleged, originated out of the same transaction, by a proper statement of the facts. The Code (§ 142, *subd.* 1) requires that the complaint shall contain a plain and concise statement of the facts which constitute the cause of action. This applies to each count of a complaint, and the general allegation that the last cause of action arose out of transactions connected with the first, does not, I think, establish a case within the rule here laid down. It requires some effort of the mind, some process of reasoning, to determine how such can be the fact, and the pleading does not show in what way or manner the two causes of action are connected. Such a statement is not plain and concise, as the Code demands. It is quite manifest, therefore, that the second count is defective, and for the reasons given, not properly united with the first count.

Although the first count is good as an independent cause of action, yet there being an improper joinder of actions, and the demurrer interposed for that very reason, I think the defendant is entitled to judgment upon the demurrer, with leave to the plaintiff to amend upon the usual terms ; and that the order of the special term should be reversed, with costs of the appeal.

[ALBANY GENERAL TERM, March 4, 1867. *Peckham, Miller* and *Hogeboom,* Justices.]