De Bemer agt. Drew.

## SUPREME COURT.

### JOHN A. DE BEMER, receiver, &c., agt. DANIEL DREW.

Where a *foreign corporation* appears by its *attorney* in the original action, and thus submits itself to the *jurisdiction* of the court of this state; and by the result of the action of the court, the corporation becomes the judgment debtor of the plaintiff in that action; this gives the court power over its property and rights of action within this state, and brings them as much within the jurisdiction of the court as if they were a corporation created under the laws of this state.

When a court of equity obtains jurisdiction of an action for any purpose for which they are authorized to give judgment, they hold such jurisdiction for every other purpose; but especially for the purpose of giving effect to their judgment.

Where a *foreign corporation* never filed in the office of the secretary of state, any designation of a person upon whom papers could be served; and there was evidence of their insolvency or refusal to pay their judgment debtors; having discontinued their organization, and the exercise of their franchises; having neglected to hold meetings of their officers; having sold out to another company their property, and the officers of the company having become officers in a new company; this alone would justify the appointment of *receiver*—even *ex parte.*

But in this case, notice of the appointment of a receiver, was served upon the attorney of the corporation who appeared in the action, upon which judgment was obtained, and in such case this was good service:

*Held,* on demurrer, that the plaintiff was properly appointed receiver; that he has legal capacity to sue; and the complaint is sufficient in its statement of a cause of action.

*Fourth District, General Term, April,* 1870.

*Before* POTTER, ROSEKRANS, JAMES, & BOCKES, *Justices.*

THIS is an appeal from an order at special term, overruling a demurrer to a complaint. The demurrer specifies two grounds; 1st, that the plaintiff has not legal capacity to sue; 2d that the complaint does not state facts sufficient to constitute a cause of action.

The complaint alleges that the New Jersey Steam Navigation Company is a corporation organized under the statutes of New Jersey; and were engaged as common carriers between the cities of New York and Troy, in this state; that as

such carriers, they undertook to carry the baggage of one
Christopher Fick, from New York to Troy; that they lost
his said baggage, and neglected to pay him the value
thereof; that he afterwards recovered a judgment against
the said corporation therefor, which judgment was duly
entered and perfected in Schenectady county, in this state,
in which action the said corporation appeared by its
attorney; that the judgment remains in full force. That in
November, 1867, an execution was issued upon said judg-
ment to the sheriff of the city and county of New York,
in which county the said company had its place of
business, and that the said sheriff duly returned the said
writ wholly unsatisfied, being unable to find any property
of said company to satisfy the same. That afterwards, in
August, 1868, the said Fick caused a notice to be served
on the said company, by serving the same on the attorney
of the said company who appeared in the action, and upon
the said Daniel Drew, who was the last president of the
said company, known to said Fick, which notice informed
the said company and its attorney and president, of the
issuing and return unsatisfied of the said execution, and
said notice also contained a demand upon the said com-
pany and its president and attorney, that it should forth-
with apply its property or so much thereof as should be ·
necessary, to the satisfaction of said judgment; that no
compliance was made with such demand; and that on the
3d of October, 1868, an order was obtained at a special
term of the supreme court, held at Schenectady, upon
affidavits, stating among other things the facts above men-
tioned, and also, that the company had never filed any
designation of any person upon whom papers or process
could be served in the office of the secretary of state; that
there was at least one other judgment against said company,
upon which execution had been issued and returned wholly
unsatisfied; that said company had never continued its
organization, or to exercise its franchises; had neglected to

hold any meeting of its officers, and that there were no officers left to manage its affairs, except such as might be holding over from a term long expired. That said order to show cause was made returnable at a special term to be held at Schenectady on the 10th day of October, 1868, and the said order also required the said company to show cause why a receiver, of its property should not be appointed; that said order and affidavits were duly served upon the said attorney pursuant to the directions of said order. That said special term on the day last mentioned, and by its order appointed the plaintiff the receiver of all the property of the said company, both legal and equitable; that said receiver immediately duly qualified and gave security as required by said order, and now is, and was, and since the said 10th day of October, 1868, hath been such receiver, and was vested with all the title of its property, and was entitled to the possession thereof, and that afterwards, and before the 3d of March, 1869, the said order so appointing him receiver, was duly served on both the said attorney and the defendant in this action, who then was president of said company, as aforesaid, and that no other person has ever since been elected president thereof.

The plaintiff further alleged upon information and belief, that for several years prior to December, 1864, the said company owned large amounts of property of divers kinds, and among other things, the whole or a large interest in two vessels, one was the Francis Skiddy; that the said company through the defendant then its agent and principal officer, in the fall of 1864, sold to another company such of its property as then remained, and the defendant became and was the president, or one of the principal officers of said new company; and that by means of the sale, the defendant received large amounts of money or property, for the property so sold to the said new company, which, or the avails of which, he now has; and that he is largely indebted to the New Jersey Steam Navigation Company there-

for; that he was also a large stockholder in said last named company. That the plaintiff since his appointment as receiver, has caused demand to be made upon the defendant that he deliver to the plaintiff, all the property, or the avails thereof in his hands, or under his control, which was of the first mentioned company ; but he has neglected and refused, and now neglects and refuses to do so. The plaintiff demands that the defendant be ordered and required to account to the plaintiff for the property which was of the said New Jersey Steam Navigation Co., at the close of the business of 1864, and particularly of that which came to his hands; and that he may be compelled to deliver the same, or the avails thereof, or pay its value to the plaintiff; and that the plaintiff may have judgment for such delivery or for the value thereof.

J. L. HILL, *for plaintiff.*
CHARLES JONES, *for defendant.*

*By the court,* POTTER, J.—The receiver in this case was appointed in the original action, which was against a foreign corporation, after judgment, and upon proceedings supplementary to the execution. By Chap. 2 Title 9, Sec., 292 of the Code, it is provided, that when an execution against the judgment debtor, issued to the sheriff of the county where he has a place of business, is returned unsatisfied, in whole or in part, the judgment creditor, at any time after such return made, is entitled to an order from a judge of the court, requiring such judgment debtor to appear and answer concerning his property, &c., such an order was not made. But section 298 of the same chapter has this additional provision. "The judge may also, by order, appoint a receiver of the property of the judgment debtor in the same manner, and with like authority as if the appointment was made by the court according to section 244."

Section 244, is in chapter 5, of title VII., of the Code,

which treats of "provisional remedies in civil actions," and provides in subdivision 4 of that section, that in cases after judgment, when a foreign corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights, a receiver may be appointed. Such are the powers conferred by the provisions of the Code, as to the appointment of receivers for judgment debtors generally, and in cases of foreign corporations. In this respect the Code is a remedial statute, and is to be carried out so as to advance and secure the object of its enactment. This foreign corporation appeared by its attorney in the original action, and thus submitted itself to the jurisdiction of the court of this state, and by the result of the action of the court, the corporation became the judgment debtor of the plaintiff in that action, and this gave the court power over their property and rights of action within this state, and brought them as much within the jurisdiction of the court as if they were a coporation under the laws of this state. (*Dart* agt. *Farmer's Bank of Bridgeport,* 27 *Barb.,* 337, 343.) The fact that they are a foreign corporation, does not relieve them from the status of being from "judgment debtors," nor that provision contained in the 2d and 3d subdivisions of section 244, which apply in general terms to all judgment debtors, when as in this case, an execution has been returned unsatisfied, and the judgment debtor refuses to apply his property in satisfaction of the judgment. The 4th subdivision of section 244, is merely cumulative to the 2d and 3d, and includes corporations domestic and foreign, and the appointment of receivers for them, in the cases provided in the Code, and by the special statutes, either before or after judgment; and being cumulative, does not change the general powers conferred by the second and third subdivisions of the same section, which apply to *all* judgment debtors—when the object of the action is only to carry the judgment of the court into effect. It is a universal rule with a court of equity, never

to permit injustice to be done, or a wrong to go unredressed upon mere technical objections, if the court have jurisdiction of the subject matter and of the parties, especially if such injustice lies in the way of the enforcement by the court of their own judgment. No good reason is perceived, why. a corporation judgment debtor, domestic or foreign, should be permitted to escape the proper execution of a judgment of this court more than a private individual. The statute being general in its terms as to all judgment debtors, it is but a fair and reasonable construction to be given to remedial statute, that it includes all persons ; corporations are not excepted in terms, and ought not to be in practice.

Even, before the Code, there was a statute provision by which the chancellor, (now the supreme court,) was given jurisdiction over directors, managers, and other trustees and officers of corporations ; among other things, to compel them to account for their official conduct in the management and disposition of the funds and property committed to their charge, and to decree and compel payment by them to its creditors, of money or property they have acquired to themselves, or transferred to others. (2 *Rev. Stat.*, 462, §§ 41, 33, 3 *Vol.* 5 *Ed.*, 762.) True, the court in this state cannot regulate the internal affairs of a foreign corporation, nor enforce any remedy beyond the bounds of the state ; they cannot annul or forfeit their charters, but they can, and it is their duty, to provide for the collection of debts against them, when they, or their property within the state, are brought within the jurisdiction of the court of the state. (*Howell* agt. *Chicago and N. W. R.R. Co.*, 51 *Barb.*, 383.) I do not, however, with all my respect for the court, whose decision I have cited, concur with them in holding that the provisions of the Code was not intended to extend the power of the court over foreign corporations further than it existed before ; but on the contrary, I think it was expressly intended to give a new, and more simple and ap-

propriate method of bringing them in subjection to our laws. Before the Code, foreign corporations could only be proceeded against by attachment against their property for the collection of a debt, or for the redress of a wrong. By the 127th section of the Code, civil actions can now be commenced against them, as against all other persons, by summons, and jurisdiction of them and their property can be obtained by the publication of the summons, upon an order of the court, whenever they have property within the state, or when the cause of action arises within the state, (§ 135.)

I do not think, as is claimed by the defendant's counsel, that the *only* power possessed by the court to appoint a receiver is conferred by the 244th section of the Code. The court had full and perfect jurisdiction over the defendant, by their appearance in the action by their attorney, and, as well by the statutes, as by an inherent power which the court possess, to enforce its own judgments. They can compel the payment of the claim by any of the methods known to a court of equity for that purpose. When a court of equity obtains jurisdiction of an action for any purpose for which they are authorized to give judgment, they hold such jurisdiction for every other purpose; but especially for the purpose of giving effect to their judgment. There is, therefore, no force in the objection that the court had no power or jurisdiction to appoint a receiver. If the court erred in a question of practice, in appointing a receiver, while possessing jurisdiction in the action and of the parties, the appointment is not void; relief can only be obtained in such case, by an appeal and review directly from the order appointing him; it cannot be taken advantage of collaterally. The cases cited, showing that the better practice in appointing receivers is upon bill filed, are cases before the practice established by the Code, or before the practice, under the Code was fully established. But if we were at liberty, in this collateral way, to review the order appointing a receiver, the objection that no ap-

De Bemer agt. Drew.

pointment could be made without notice to the party interested, except in certain extraordinary cases which do not exist in this, is not well taken. First, this comes clearly within the extraordinary class of cases where it is allowed.

The defendant had never filed in the office of the secretary of state, any designation of a person upon whom papers could be served. There was evidence of their insolvency or refusal to pay their judgment debtors; they had discontinued their organization and the exercise of their franchises. They had neglected to hold meetings of their officers; they had sold out to another company their property, and the officers of the defendant had become officers in the new company, and one of them, to wit, the president of the defendant, had become the president of the new company and had the avails of the sale of the defendant's property then in his possession. This surely, ought to be regarded as an extraordinary and exceptional case, and alone, I think, would justify the appointment of a receiver, even *ex parte*. (*Sanford* agt. *Sinclair*, 8 *Paige*, 373; *People* agt. *Norton*, 1 *Id.*, 17; *Howe* agt. *Duel*, 43 *Barb.*, 508.)

Nor is the objection good that there was no legal notice of the appointment of receiver given to the party interested. The notice was served upon the attorney of the defendant who appeared in the action, upon which judgment was obtained. In such a case, this was good service. (*Flynn* agt. *Bailey*, 50 *Barb.*, 77; *Pitt* agt. *Davison*, 37 *N. Y. R.*, 235.) In the last cited case this question was fully examined, and the rule then laid down covers this case. It is this: "Where the proceeding is to enforce a civil remedy, the party in default has already had the opportunity of contesting his liability to perform what the proceeding seeks to compel him to perform, and such proceeding in effect, is but an execution of the judgment against him." "His obligation has been established by the

judgment in regard to which he has been heard, and this proceeding is merely to enforce the fulfillment of that obligation." It is distinguished from a proceeding to punish for criminal contempts, since the statute, and the party should be allowed to regard the attorney as continuing, until the satisfaction of the judgment under such proceedings, unless notice of change to the contrary, has been given. This ought more especially to be the rule, when the party is a foreign corporation, and when other service is either impossible or difficult. (*See Drury* agt. *Russel* 27 *How.*, 130, *and Fish* agt. *Hastings*, 1 *Hill* 660.) If we are right in these views, the plaintiff was properly appointed receiver, has legal capacity to sue, and the complaint is sufficient in its statement of a cause of action. The result is the order of the special term overruling the demurrer, must be affirmed with costs.