WILLIAM W. TEALL, RESPONDENT, v. THE CITY OF SYRACUSE, APPELLANT.

*Joinder of causes of action — an action for a tort, and an action to recover, as upon an implied contract waiving the tort, cannot be united — Code of Civil Procedure, sec. 484.*

A cause of action for the wrongful seizure and conversion of personal property, and a cause of action to recover the proceeds of the sale thereof in the hands of the defendant, as upon an implied contract, cannot be united in the same complaint.

APPEAL from an interlocutory judgment of the Onondaga Special Term, overruling a demurrer to the complaint. Two grounds of demurrer were stated, one that the complaint does not contain facts sufficient to constitute a cause of action, the other that two causes of action are improperly united, with a specification of the nature of each of the causes of action as required by section 490 of the Code of Civil Procedure.

*L. Marshall* and *A. Knapp*, for the appellant.

*George N. Kennedy* and *E. Foreman*, for the respondent.

HARDIN, J.:

Two causes of action are stated in the complaint. The first cause of action is for wrongfully taking and converting certain personal property lately belonging to the Onondaga County Bank, of the value of $3,200, with a claim for damages in that same sum and interest, " by reason of the seizing and sale of said property under and by such direction and procurement as aforesaid of the defendant the city of Syracuse." The second cause of action is for money had and received, the complaint alleging that on the 25th day of

April, 1874, " the city of Syracuse received into its treasury and appropriated to its use the sum of eight hundred and seventy-four dollars the same being the *proceeds of the sale* of certain goods and chattels of and belonging to the Onondaga County Bank, *being the same* goods and chattels mentioned in the first count herein ; before then wrongfully and without authority of law seized and taken and sold at public auction by said city of Syracuse its agents and officers, \* \* \* whereby the said city of Syracuse *became liable* to pay into the said Onondaga County Bank the said sum of eight hundred and seventy-four dollars, with interest," etc. Each count alleged an assignment of the cause of action to the plaintiff, and that each is " owned by the plaintiff." The first cause of action is in tort for wrongfully converting the property by means of a wrongful seizure and sale thereof. The second cause of action is for the proceeds of the sale of the property, and the right to recover rests upon an implied promise, or contract to pay, the tort being waived. (*Hawk* v. *Thorn*, 54 Barb., 168; *Osborn* v. *Bell*, 5 Denio, 370.)

Prior to the present Code, two such causes of action could not be united in the same complaint. (Code of Procedure, § 167; *Hubbell* v. *Meigs*, 50 N. Y., 487; *Booth* v. *F. and M. Bk.*, 65 Barb., 457; *Sweet* v. *Ingerson*, 12 How., 331; *Cobb* v. *Dows*, 9 Barb., 230; *Hunter* v. *Powell*, 15 How., 221; *Colwell* v. *N. Y. and Erie R. R. Co.*, 9 id., 311; *Springstead* v. *Lawson*, 23 id., 302; *McDonald* v. *Kountze*, 58 id., 152; *Thompson* v. *St. Nicholas Bank*, 61 id., 163; *Keep* v. *Kaufman*, 56 N. Y., 332.) We think section 484 of the Code of Civil Procedure has not changed the rule. That section provides : " It must appear upon the face of the complaint that all the causes of action so united belong to one of the foregoing subdivisions of this section." The complaint does not make it appear that both causes of action belong to one of the classifications named in the section. The learned counsel for the respondent in his brief concedes that the " first count is in tort for the wrongful conversion of the property; the second count is upon *an implied contract to pay* over the money wrongfully received as the result of the conversion. The first belongs to the sixth class of causes of actions mentioned in section 484 of the Code, and the second to the first class." He then insists these causes of action can be united in virtue of the ninth subdivision of section 484.

That subdivision reads, viz.: "Upon claims arising out of the same transaction, or transactions connected with the same subject of *action, and not included* within one of .the foregoing subdivisions of this section." It seems to us that taking the plaintiff's confession as true, as we have no doubt it is, that the ninth subdivision does not aid the respondent. Because it is clear that the two causes of action are included in one of the four subdivisions ; and secondly, because it does not appear that "all of the causes of action" belong to one of the foregoing subdivisions.

In *Lattin* v. *M'Carty* (41 N. Y., 112), the action was one in equity, to assert a fraud in obtaining a deed, and to strike it down and procure a return of the title to the plaintiff, where, but for the fraud of the defendant, it would have vested. As HUNT, Ch. J., said in that case : "Both claims are harmonious and consistent with each other. They arise out of the same transaction, or *certainly out of transactions connected* with the same subject of action." In the case in hand there can be but one claim or recovery. If it is in tort, the right to recover is because of the wrong. If in contract, it is because the wrong is waived, and the plaintiff stands upon the contract which the law implied, after the waiver takes place. A recovery in tort would bar the action upon the contract and *vice versa*. Here there is an averment of distinct causes of action, one in tort, the other in contract. The section referred to has not authorized such a union of causes of action, as presented by the complaint. (*Flynn* v. *Bailey*, 50 Barb., 77.)

The order and judgment thereon of the Special Term should be reversed, with costs and disbursements of this appeal, and judgment ordered for the defendant upon the demurrer, with costs, and leave granted to the plaintiff to amend upon payment of the costs of this appeal and costs of the demurrer.

BARKER, J., concurred; SMITH, P. J., not voting.

So ordered.