## CENTRAL NATIONAL BANK *v.* STEVENS.

ERROR TO THE COURT OF APPEALS OF THE STATE OF NEW YORK.

Motion to amend mandate. Submitted May 9, 1898. — Decided May 31, 1898.

The motion to amend the mandate is denied.

THIS was a motion to amend the mandate in this case which issued on the judgment reported in 169 U. S. 432. The motion was as follows:

"Come now the defendants in error and move the court that the annexed mandate be amended so as to command that the judgment below be reversed only in the particulars described in the opinion of the court."

*Mr. Edward Winslow Paige* for the motion.

It is the opinion of the counsel who signs this brief that it is decidedly for the interest of the defendants in error that the motion be denied.

And for the following reasons:

The whole judgment being reversed, there must inevitably under the laws of New York be a new trial of the

whole action. As the defendants in error might succeed in the new trial in all matters except those described in the opinion of the court — as to be reversed — there would be a general judgment in favor of the defendants in error like the present judgment, except that it would omit the injunction and the provision about the plaintiffs in error proving their certificates. Under that judgment there would of course be a new sale and the bondholders could then buy through the medium of a trustee other than Mr. Foster, thus relieving the case from the difficulty described by the court in its opinion.

It would also relieve the defendants in error from paying the costs of the court, since there is not any way under the laws of New York by which a successful plaintiff can be made to pay costs to the defendant.

And they can also show, although as we submit the present record shows, that not any of the proceeds of the certificates went into the property. — nevertheless we make the motion.

*Mr. Charles E. Patterson* opposing.

*Per Curiam:* The motion to amend the mandate in the above case seems to proceed on a misconception of the meaning of the judgment and mandate.

The judgment of this court does not undertake to affect or reverse the judgment of the Supreme Court of the State of New York, except in so far as that judgment sought to restrain the Central National Bank of Boston and the other plaintiffs in error from proceeding under and in accordance with the decree of the Circuit Court of the United States for the Northern District of New York, and to compel them to again try in the Supreme Court of New York matters tried and determined in the Circuit Court. As between the other parties the judgment of the Supreme Court of New York was, of course, left undisturbed, and it is not perceived that the terms of the mandate signify anything else, or imply the consequences suggested by counsel.

*The motion is denied.*