JAHN v. CHAMPAGNE LUMBER CO. et al.

(Circuit Court, W. D. Wisconsin. March 15, 1907.)

No. 124.

**1. EQUITY—PLEA—DUPLICITY.**

In a creditors' suit against two stockholders of a dissolved corporation, alleging a fraudulent distribution of its assets and praying for a discovery and accounting, a plea setting up that there are many other stockholders who are not made parties, and also that the assignment of the cause of action to complainant was speculative, and does not entitle him to maintain a suit in equity, tenders two defenses, and is bad for duplicity.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, § 404.]

**2. SAME—SUFFICIENCY OF PLEA—NECESSITY OF ANSWER IN SUPPORT.**

Where a bill charges fraud and prays for a discovery, a plea to the whole bill, under equity rule 32, must be supported by an answer denying the fraud and giving the complainant discovery.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, §§ 415, 431.]

**3. SAME.**

That a complainant acquired the cause of action on which his bill is based for speculative purposes, and for a wholly inadequate consideration, will not entitle defendants to a dismissal of the bill for want of equity under all circumstances on a plea setting up such fact, as where such plea admits fraud charged in the bill.

In Equity. On plea.

See 147 Fed. 631.

The Champagne Lumber Company is a Wisconsin corporation engaged in the manufacture of lumber, and in 1896 action was brought by one Nyback, an employé, for damages by reason of personal injury. After a long and bitter contest in the courts Nyback in 1901 obtained in the Circuit Court of Appeals a judgment for costs against the corporation for $471, and thereafter, in 1902, a writ of fieri facias was issued upon said cost judgment, and was returned unsatisfied. Afterwards, in 1903, said Nyback obtained in this court a verdict against said corporation for $2,000 damages, upon which final judgment was entered, execution issued, and also returned nulla bona. After verdict, and before entry of judgment, Nyback, by an instrument in writing expressing a consideration of $15 and other good and valuable consideration, assigned and transferred said judgment for costs, and said verdict, and all rights of said Nyback thereunder, to the present complainant, who files this bill in the nature of a creditors' bill against the corporation and the two principal stockholders thereof, in his own behalf and in behalf of any other creditors who may choose to come in and participate in the proceedings. The bill alleges that, while the said personal injury suit was pending, the defendants Stewart and Alexander fraudulently caused said corporation to be disorganized, for the purpose of defeating any recovery by Nyback, and that to accomplish that purpose the assets of said corporation were fraudulently distributed among the stockholders; that the corporate funds so distributed were largely in excess of the amount necessary to liquidate both of the judgments. The bill prays full and complete discovery as to who were the other stockholders aside from the defendants named, as to the amount and character of the assets of said corporation so distributed, and as to many other facts, and for an accounting, and that all the assets of said corporation so fraudulently disposed of may be applied by the court to the payment of said two judgments and any other claims of creditors who may choose to come in and participate in the suit. A general demurrer heretofore interposed by the defendant was overruled, and the question now presented is raised by a joint plea going to the whole bill interposed by the defendants Stewart and Alexander.

The complainant has moved, without replication, to set the plea down for hearing.

William T. Lennon (Julius J. Patek, of counsel), for complainant.
Edwin M. Smart (John B. Sanborn, of counsel), for defendants.

QUARLES, District Judge (after stating the facts). The law is well settled, as defendants' counsel frankly concede, that a plea in equity must be single. Whatever the nature of the plea, the matter pleaded must reduce the issue between the complainant and the defendant to a single point. If the plea is double—that is, renders more than one defense as the result of the facts stated—it must be overruled. This plea, being to the whole bill, is obnoxious to the plea of duplicity. It presents two distinct propositions which have no legal or logical affinity. They are as incongruous as the pleas in Miller v. Rickey (C. C.) 123 Fed. 607.

The first proposition, briefly stated, is that the individual defendants are only two of many stockholders of said corporation, who are now scattered over the country, and some of whom are dead; that each such absent stockholder received his proportionate share of the property and assets when such corporation was dissolved; that it would be inequitable to require Stewart and Alexander to refund the entire amount of such corporate assets, because it would be impossible for them to enforce contribution against their corporate associates. The legal effect of this proposition would seem to be that the suit is defective for lack of parties defendant. If the defendants had "given the complainant a better writ" by naming such absent stockholders and showing that they were within the jurisdiction, the plea would have been similar to that sustained in Goldsmith v. Gilliland (C. C.) 24 Fed. 154. The second proposition presented by the plea is that complainant acquired the cause of action under circumstances that savored of maintenance and involved speculation, having paid Nyback only nominal consideration for the claim, which in the aggregate amounts to $3,000, and that a court of equity under such circumstances will not lend its aid to the complainant, but will remit him to his legal rights. These two propositions, covered by a single plea reaching the whole bill, are separate and distinct, and cannot without leave of the court be thus united.

Second. The plea is bad because it is not fortified by an answer denying the fraud charged in the bill. Prior to the adoption of the thirty-second rule in equity, many technicalities and refinements had been indulged by the courts as to which of the various pleas in equity required the support of an answer. The general rule, however, was that every affirmative plea must be fortified by an answer to allow the complainant the discovery which, in the nature of things, he cannot have under a plea. Bates' Federal Practice, §§ 235–238. In Lewis v. Baird, 3 McLean 56, 61, Fed. Cas. No. 8,316, it is broadly laid down that, where fraud is alleged in the bill, it should be denied in the plea, and also in the answer in support of the plea. The complainant is entitled to the oath of the defendant, and, if the answer does not deny the fraud, the plea may be overruled absolutely, or only

as an immediate bar, saving the benefit of it to the hearing of the cause. It has been held that certain pleas known as "pure pleas" required no support by way of answer, and defendants' counsel have cited several such authorities, and the claim is that this is a pure plea. It would seem that the function of the thirty-second rule in equity is to do away with these technicalities, and to require an answer in support of the plea in every case in which the bill specifically charges fraud or combination, and where the plea goes to that part of the bill, as it clearly does when it is interposed to the whole bill. Huntington v. Laidley (C. C.) 79 Fed. 865. It is familiar that the answer called for by the chancery practice in such case is not for the purpose of defense. The plea is supposed to embody that; but its office is to deny the fraud, and to give the complainant discovery to which he is clearly entitled under the present bill.

The contention of the defendants is that no supporting answer is necessary, because as the result of their plea all the averments of fraud stand admitted. But, notwithstanding the admission, the complainant is entitled to the discovery without which he might not be able to secure necessary evidence, some of which is within the peculiar knowledge and custody of the defendants. Suppose, for the purpose of the argument, it were conceded that the defendants are right in their contention that no answer was necessary to fortify this plea, how would the case stand under the present pleadings? The complainant by setting the plea down for argument has not only waived irregularities in the matter of form, but has admitted every fact in the plea which is well pleaded. The defendants, on the other hand, stand admitting the frauds with which they are charged in the bill. In that aspect of affairs does the second proposition in the plea furnish a bar to the action? It is true that courts of equity have in many cases, of their own motion, and sometimes on suggestion, declined to afford relief on grounds similar to those set up in the plea. Yet I do not understand that such facts constitute a recognized bar which any defendant may interpose under all circumstances. The doctrine is intended to protect honest creditors from rapacity. In the leading case of Jencks v. Quidnick Co., 135 U. S. 460, 10 Sup. Ct. 656, 34 L. Ed. 200, much relied upon in argument, the court say:

"It is a case where equity, true to its ideals of substantial justice, refuses to be bound by the letter of legal procedure, or to lend its aid to a mere speculative purchase which threatens injury and ruin to a large body of honest creditors," etc.

case has been cited, and I believe none can be found, where a defendant who confesses himself guilty of fraud has been allowed by such a plea to screen his guilt and protect himself from making discovery. As a general rule, a stranger to the transaction cannot question the adequacy of the consideration of a transfer. Beach's Modern Eq. Juris. § 345, and cases cited. If the defendants had purged themselves of fraud by suitable denial, and by giving the complainant the discovery to which he is clearly entitled under the bill, a different question might be presented. Under the record as it stands, with the damaging admissions of the defendants, the conscience of the chancel-

lor will not sustain such a shock at the conduct of the complainant in acquiring the cause of action as without further investigation to absolve the defendants from all accountability for the gross frauds they openly confess. The rule is familiar that "he who comes into equity must come with clean hands"; but there is another maxim of equal sanction, that "he who commiteth iniquity shall not have equity." It would be difficult to conceive of a case where it is more necessary, in order to reach the equities of the respective parties, that the court should have the benefit of the evidence on both sides.

For these reasons, the plea will be overruled, and the defendants required to answer the bill of complaint on or before the next May rule day.