## SIMS v. UNITED WIRELESS TELEGRAPH CO. et al.

(Circuit Court, D. New Jersey. May 9, 1910.)

1. EQUITY (§ 166*)—PLEADING—DOUBLE OR SEPARATE PLEAS.

Double or separate pleas are never allowed in equity without special leave of court, and then only in exceptional cases where special hardship and inconvenience would otherwise result.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 393, 400, 404; Dec. Dig. § 166.*]

2. EQUITY (§ 166*)—PLEAS—DUPLICITY.

Where, in a suit by a minority stockholder against a corporation and the majority stockholder to restrain the foreclosure of a chattel mortgage and the enforcement of a judgment, and for other relief for fraud, the majority stockholder filed a plea without answer and without leave of court, first attacking complainant's capacity to sue, and then setting up two different defenses, denying plaintiff's right to attack the mortgage, the plea was bad for duplicity.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 404; Dec. Dig. § 166.*]

3. COURTS (§ 500*)—CONFLICTING JURISDICTION—APPOINTMENT OF RECEIVER BY STATE COURT.

Appointment of a receiver for a corporation by a state court does not prevent a suitor in another forum, who began his suit before such appointment, from prosecuting it to judgment.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1408; Dec. Dig. § 500.*

Conflict of jurisdiction with state courts, see note to 22 C. C. A. 356.]

4. CORPORATIONS (§ 671*)—FOREIGN CORPORATIONS—RECEIVERS.

Appointment of a receiver for a foreign corporation by a state court does not prevent the corporation from exercising its franchise elsewhere, nor from continuing alleged fraudulent practices in matters not pertaining to the property within the state where the receiver is appointed.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2644; Dec. Dig. § 671.*]

5. CORPORATIONS (§ 671*)—FOREIGN CORPORATIONS—INJUNCTION—RECEIVERS—STOCKHOLDERS' RIGHTS.

Where a receiver was appointed for a foreign corporation in New Jersey, and its powers were limited to the corporation's property located within the state, an injunction issued only restrained the use of the corporation's franchises in New Jersey and did not prevent a minority stockholder from suing to prevent the fraudulent exercise of the corporation's franchises in other states and to restrain the foreclosure of a chattel mortgage, and the execution of a judgment for fraud.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2643; Dec. Dig. § 671.*]

6. CORPORATIONS (§ 211*)—STOCKHOLDERS' BILL—PLEA—ANSWER IN SUPPORT.

Where a minority stockholder's bill alleged a fraudulent exercise of the corporation's franchises, and prayed an injunction restraining the enforcement of a chattel mortgage and judgment against the corporation for fraud, it pleaded a cause of action within equity rule 94, providing for stockholders' bills, so that a plea thereto not accompanied by an answer fortifying it, and explicitly denying the fraud as required by equity rule 32, was insufficient.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 823; Dec. Dig. § 211.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Bill by W. Scott Sims against United Wireless Telegraph Company and another. On motion to strike out defendant's pleas. Granted.

Frederick W. Garvin, Solicitor (George C. Lay, of counsel), for complainant.

Francis X. Butler, for defendant United Wireless Telegraph Company.

RELLSTAB. District Judge. The complainant is a minority stockholder, and the defendant United Wireless Telegraph Company (hereinafter called the Wireless Company) the majority stockholder, of the defendant International Telegraph Construction Company (hereinafter called the International Company) a New York corporation.

The original bill was filed September 6, 1909. Both it and the amended bill were filed on behalf of the minority stockholders, and charge fraud. The amended bill alleges that before the Wireless Company became a stockholder of the International Company they were competitors, each being engaged in the manufacture, sale, and installation of patented devices and electrical machines used in the art of wireless telegraphy throughout the United States and foreign countries; that since, the Wireless Company has dominated the other company; that it elected four of its own directors to the directorate of five of the International Company, and manipulated it to prevent competition; that it has taken possession of the factory and the letters patent and other properties of the International Company, and is using them without compensation in furtherance of its own business and to wreck the business of the International Company, and to defraud the rights and interests of such minority stockholders; that it is seeking to wrest from the International Company its property by a forced sale under a chattel mortgage and a judgment, both of which are alleged to have been fraudulently obtained, the latter during the time that its directors were the directors of the International Company, and that it is futile to seek any redress from such directors acting in such dual relation. It prays for a decree, inter alia, setting aside the chattel mortgage as fraudulent; setting aside or perpetually staying the said judgment; for an accounting by the Wireless Company of profits made in the use of the International Company's patents and other properties; that it be declared to be a trustee for the minority stockholders of the International Company; that it be required to restore to the International Company its property and to make full and complete discovery of all transactions and business between it and the International Company, concerning the use made of said patents, etc. A decree pro confesso was taken against the International Company. The Wireless Company filed no answer, but pleaded three distinct defenses. The first is to the whole bill. It alleges the appointment on the 27th day of September, 1909, of a receiver for the International Company, in a suit instituted in the state Court of Chancery on the 4th day of said September, by a creditor and a stockholder respectively, in which the present complainant intervened, and challenges his standing to maintain this bill upon the ground that the cause of action al-

leged therein is now vested in and can only be maintained by such receiver. The other two defenses relate only to the parts of the bill, pertaining to the chattel mortgage, the first of which is that such mortgage was given before the complainant became a stockholder in the International Company, and that none of his shares devolved upon him by operation of law; and the second is that before the commencement of this suit proceedings had been begun in the state Court of Chancery to foreclose said mortgage, and that by reason thereof said court had obtained complete and exclusive jurisdiction of said chattels. The motion to strike these pleas from the files of the court is based upon the following grounds:

"First. That the plea is invalid for duplicity by uniting three separate pleas without leave of court.

"Second. That the pleas are not accompanied by an answer denying the fraud and combination charged in the amended bill of complaint as required by rule 32 of the equity rules."

As to the first ground: The defendant's contention is that it has filed but one plea. The paper is so entitled, certified, and sworn to; but however framed, it is in legal effect three pleas. "A plea may contain an averment of several facts, but they must all conduce to a single point of defense. Double pleas or separate pleas are never allowed without special leave of court, and then only in exceptional cases where special hardship and inconvenience would otherwise result." Miller & Lux v. Rickey et al. (C. C.) 123 Fed. 604; 16 Cyc. 290. In the present suit the first plea attacks the capacity of the complainant to maintain any part of this action. The other two present different defenses, but they are limited to a denial of the complainant's right to attack the chattel mortgage in question. Different defenses may be raised in an answer, but not in a plea, unless special leave be obtained from the court. No leave has been asked in this instance, and the plea is bad for duplicity. The first plea is also bad because the mere appointment of a receiver by the state court does not prevent a suitor in another forum, who began his suit before such appointment was made, from proceeding in that cause to judgment.

In Cooper v. Philadelphia W. Co. (N. J. Ch.) 57 Atl. 733, it was held:

"While no person can sue a corporation after a receiver has been appointed, without the consent of the court, actions pending at the time of the appointment may be prosecuted to judgment, in the absence of an injunction or a legislative act to the contrary, even without making the receiver a party, though he may be substituted for the corporation on his application therefor."

Nor does the appointment of a receiver by a state court, of a corporation organized in another state, prevent that corporation from exercising its franchise elsewhere or from continuing its fraudulent practices in matters not pertaining to the property within the state. The New Jersey act concerning corporations makes the remedies thereby provided in cases of insolvency applicable to foreign corporations only so far as the same can be applied thereto. Act 1896 (P. L. p. 307) § 96.

In Minchin v. Second Nat. Bank, 36 N. J. Eq. 436–440, the Chancellor said:

"Obviously, there are provisions of the act which cannot be applied to such corporations; for example, this court cannot hinder such corporations from exercising their franchises, except as it may enjoin them from exercising them in this state. It can sequester their property here and administer it for the benefit of creditors and stockholders, but it can do but little more. * * * In the language of the New York Supreme Court, in De Bemer v. Drew, 57 Barb. 438, this court cannot regulate the internal affairs of foreign corporations, nor enforce any remedy beyond the limits of this state. It cannot annul or forfeit their charters, but it can and ought to provide for the collection of debts against them, when they or their property are brought within the jurisdiction of the courts of this state. The foreign corporation doing business here is subject to the provisions of our statute, so far as its property in this state is concerned." See, also, 34 Cyc. 100.

The state of the pleadings in this case shows that the International Company is a corporation organized under the laws of the state of New York, and is the owner of valuable patents—monopolies which may be enjoyed and made pecuniarily valuable throughout the whole United States. The receiver appointed by the state court may not prevent the exercise of such patent rights in other states. Their enjoyment is still left to the foreign corporation, and it is particularly with reference to the manipulation of these patent rights, and the property of the International Company employed in exploiting them, that the present bill alleges the fraudulent conduct to have been perpetrated. The order appointing the receiver for the International Company limits his powers to the property of such company, having a situs within the state of New Jersey; and the injunction issued against such company and its officers and agents, only restrains the use of the company's franchises within the state of New Jersey, and the restraint imposed upon their power to receive or to dispose of any of its properties is limited to such as have a situs within the state. Furthermore, the receiver in the state court could not maintain a bill of such comprehensive character as the one in this suit, and therefore the complainant could not obtain the relief therein sought by acting through the receiver. This plea is, therefore, legally insufficient as a bar to complainant's right to maintain this suit.

As to the second ground: None of these pleas deny the complainant's allegations of fraud. The allegations of the bill bring it within the ninety-fourth equity rule; and, as the effect of the pleas is to admit the truth of these allegations, this ground is controlled by the thirty-second equity rule, which requires that:

"In every case in which the bill specially charges fraud or combination, a plea to such part must be accompanied with an answer fortifying the plea and explicitly denying the fraud and combination and the facts on which the charge is founded."

Since this rule went into effect many of the technicalities and refinements indulged in by the courts in distinguishing between the various pleas in equity, which would or would not have to be supported by an answer, have vanished. Where a bill charges fraud and prays for a discovery, the plea to the whole bill, under this rule, must be supported by an answer denying the fraud and giving the complainant discovery. Jahn v. Champagne Lumber Company (C. C.) 152 Fed. 669. This is equally so when the plea is only to a part of the bill,

where such part, as in the present case, is founded on fraud. The bill specifically charges that the chattel mortgage was given without consideration and in furtherance of the fraudulent purpose already mentioned, and as the second and third pleas deal only with such mortgage, and are unaccompanied with an answer fortifying them and denying the fraud, this ground is also sustained as to such pleas.

The motion is granted, and the pleas struck from the files.