# WISE v. PACIFIC STATES LIFE INS. CO.
## No. 502-D.

District Court, E. D. Illinois.
Sept. 13, 1935.

V. W. McIntire, of Danville, Ill., for plaintiff.

O. D. Mann, of Danville, Ill., for defendant.

LINDLEY, District Judge.

Plaintiff, as beneficiary, sues upon a life insurance policy, and defendant, through a duly appointed qualified receiver, moves to stay proceedings. This receiver was appointed by the director of insurance and qualified in the superior court of Cook county, outside of this District, subsequent to the institution of this suit, and that court, in approving the appointment, enjoined all creditors and parties in interest from interfering with the assets belonging to the defendant corporation. Plaintiff was not a party to the suit, and does not at the present time seek to reach assets in the possession of the receiver. She seeks rather to liquidate her claim upon the policy and to procure judgment thereon, and insists that neither the court having jurisdiction of the receiver nor this court has any right to deprive her of a hearing upon and adjudication of her cause of action.

The rule is quite general that where two actions between the same parties, concerning the same subject-matter, and to test the same rights, are brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the controversy. No court of co-ordinate power is at liberty to interfere with such action. Williams v. Neely (C. C. A.) 134 F. 1, 69 L. R. A. 232; Phelps v. Mutual Reserve Fund Life Ass'n (C. C. A.) 112 F. 453, 61 L. R. A. 717, affirmed 190 U. S. 147, 23 S. Ct. 707, 47 L. Ed. 987. Nor has any court the power to restrain a suit previously brought in another court which has complete jurisdiction thereof and is able to afford adequate relief. 15 C. J. 1141. Comity between federal and state courts is necessary to prevent unseemly conflicts of jurisdiction and to promote a decent and orderly administration of justice, but such comity may not preclude the determination of a cause by a court, which has previously acquired jurisdiction of a cause and can speedily hear the same and give

the desired relief. 15 C. J. 1160. Consequently, where a state and a federal court have jurisdiction over the same parties or privies and the same subject-matter, the tribunal where jurisdiction first attaches retains it exclusively, and will be left to determine the controversy and to exhaust its jurisdiction and to decide every issue or question properly arising in the case. Rickey Land, etc., Co. v. Miller & Lux, 218 U. S. 258, 31 S. Ct. 11, 54 L. Ed. 1032; Ex parte Young, 209 U. S. 123, 28 S. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764; Prout v. Starr, 188 U. S. 537, 23 S. Ct. 398, 47 L. Ed. 584. The usual practice is for the court in which the second action is brought, not to dismiss its action, but to suspend proceedings therein in so far as it concerns the subject-matter involved in the first case until the same is decided. Huntington v. Laidley, 176 U. S. 668, 20 S. Ct. 526, 44 L. Ed. 630; In re Lasserot (C. C. A.) 240 F. 325.

Here we find that in the receivership suit the state court has taken into its custody all the corporate property within its jurisdiction and has drawn to itself jurisdiction of all suits regarding same, and while this is an entirely proper and commendable proceedings preventive of multiplicitous litigation and promotive of orderly administration, under the rule stated, such action does not justify this court in denying plaintiff the right to prosecute to judgment her claim.

The appointment of a receiver for a corporation by a court has been held not to prevent one who began suit in another court before such appointment from prosecuting it to judgment. Sims v. United Wireless Tel. Co. (C. C.) 179 F. 540. Thus, although a federal court has appointed a receiver for a railroad, a state court may determine a claim against the railroad company where this does not interfere with the receiver's custody. Kansas City, etc., R. Co. v. Latham (Tex. Civ. App.) 182 S. W. 717. See, also, Central Nat. Bank v. Stevens, 171 U. S. 108, 18 S. Ct. 837, 43 L. Ed. 97; Central Nat. Bank v. Stevens, 169 U. S. 432, 18 S. Ct.

403, 42 L. Ed. 807; Royal Trust Co. v. Washburn, etc., R. Co. (C. C.) 113 F. 531.

In Bridgeport Electric & Ice Co. v. Meader (C. C. A.) 72 F. 115, 120, the federal court refused to restrain a suit begun prior to a state court receivership proceedings, and permitted the same to proceed to judgment. There the court said: "Finally, it is insisted that this property is now in the custody of a receiver appointed by the state court, and for that reason the decree of sale in the circuit court of the United States is improper. That a court of the United States may, upon a bill filed, with proper parties and with proper averments, go forward to a final decree, we think, is now generally conceded; nor does it seem that this procedure will be, ordinarily, defeated by litigation subsequently instituted in a court of concurrent jurisdiction."

In Chicago, R. I. & P. Ry. Co. v. Union Pac. R. Co. (C. C. A.) 254 F. 235, 237, the defendant was under receivership in another court. A suit begun prior to receivership proceedings was permitted to proceed to judgment. There the court said: "At the threshold of the case the appellant insists that, at the time the trial court heard and determined the master's report, it was without jurisdiction to act thereon. This is based on the situation that at that time the Rock Island was under receivership in another federal court. * * * This contention is not well founded for several reasons. This suit was not against the receiver, but the railroad; other parties to this suit were interested in its result; the first jurisdiction of this subject and parties was in this trial court; there was not necessarily any conflict of jurisdiction. It may also have a bearing that the Union Pacific had not become a party to the receivership suit, by intervention or otherwise."

It seems well established, therefore, that, under the rules announced, plaintiff has a right to proceed with her suit in this court, and that the court is without power to deprive her of that right.

Accordingly, the motion to stay proceedings will be denied.