### SALTUS and SALTUS *against* TOBIAS and SEAMAN.

Two distinct pleas in bar, different in their nature, as, a plea of the statute of limitations, and a discharge under the insolvent act, cannot be pleaded together, without the previous leave of the Court.

The defendant cannot plead double, but must reduce his defence to a single point; for he may put all the facts on which his defence rests together in his *answer*.

*June 20th.*

THE bill sought to charge the defendants, as administrators of *J. E. Seaman*, (who died intestate, and who was one of the firm of *Seaman & Rhind*,) with the payment of

several promissory notes, given by the firm, and upon the allegation that *Rhind*, the surviving partner, was insolvent, and that the defendants had sufficient assets.

The defendants pleaded, 1st. The statute of limitations. 2d. The discharge of *Seaman*, in his lifetime, and subsequently to the giving of the notes, from all his debts, under the insolvent act of this state.

*G. Brinkerhoff*, for the plaintiff, objected to the pleas, as bad, for duplicity; and cited 3 *Johns. Ch. Rep.* 384. *Beames' Pleas in Equity*, p. 10—20. 2 *Maddock's Tr.* 237. *Wyatt's P. R.* 324. 335. *Cooper's Tr.* 226. *Mitford's Tr.* 234.

*Wells*, contra, insisted, that both of these matters might be separately pleaded in bar, and cited 1 *Harg. Jurid. Arg.* 482. 3 *Atk.* 341. *Wyatt's Pr. Reg.* 328. *Cur. Can.* 187. *Gibson* v. *Whitehead*, 4 *Madd. Ch. Rep.* If the pleas, being double, were bad, he then asked for leave to elect which plea to abide by.

THE CHANCELLOR. The old books are said to abound with instances of double pleas allowed. In *Bohuns' Cur. Can.* p. 187. and *Wyatt's P. R.* 328. it is stated that all or several matters pleadable in bar, as the statute of limitations, of frauds, &c. might be pleaded together. So in a MS. of Lord *Nottingham*, cited by Mr. *Hargrave*, (1 *Jurid. Arg.* 482.) it seems to be implied that several pleas in bar might be pleaded at the same time.

This is, perhaps, the amount of the authorities on that side of the question, for the case of *Ashurst* v. *Eyres*, (3 *Atk.* 341.) is a very loose report, from which it would appear, several distinct matters of defence were all thrown together in one single plea, and the plea held good. I should apprehend that a plea filled with such multifarious matters, having no dependence on each other, was inconsistent with all

the rules of good pleading. The question is, whether two distinct pleas, each of which contains matter well pleaded, and constituting a bar to the relief, be admissible in this Court, without any previous leave, or order, to warrant them. The modern books, and the modern cases, seem uniformly to condemn double pleas, and to require that the plea in bar shall reduce the matter to a single point.

The question was much discussed before Lord *Thurlow*, in *Whitbread* v. *Brockhurst*, (1 *Bro.* 404. 2 *Ves. & Bea.* 153. note, S. C.) and he held, that two pleas, applying to cases of different natures, and distinct, not only in the form of the plea, but in the point of equity raised by them, were inadmissible. The reason why this Court does not admit such pleas, containing different and distinct points, is, that you may put all the different circumstances together in your answer, which you cannot do at common law. There is, therefore, not the same reason in equity as at law, for pleading double. The use of a plea here is to save time, expense and vexation. If one point will put an end to the whole cause, it is important to the administration of justice, that it should be pleaded; but if you are to state many matters, the answer is the more commodious form to do it in. If the defendants might be permitted to bring two points, on which the cause depends, to issue, by his plea, he might bring three, or twenty, and so on, until all the matters in the bill are brought to issue by the plea.

The reasoning of Lord *Thurlow*, is supposed to be weighty and decisive; and since that time, it has been the constant language of the Court, that the plea must reduce the defence to a single point, and that a defendant can never plead double. (2 *Ves. jun.* 84. 6 *Ves.* 17. 2 *Ves. & Bea.* 150. 3 *Madd. Ch. Rep.* 8.) There is not the same necessity here, as at law, for this kind of pleading, as the plea is not the only mode of defence.

In the recent case of *Gibson* v. *Whitehead*, (4 *Madd. Ch. Rep.*) the Vice Chancellor said, it was not the ordinary

practice, to admit a double plea; but it lay with the Court, upon special application, to allow it, and such a favour was granted, upon motion, in that case.

The result, then, is, that the defendants must be put to their election in eight days, to take the plea they will abide by, and that the other be overruled.