JANUARY 16th, 1844.

*Henry Didier,* survivor of *John N. D'Arcy* v. *James Davison.* C. B. MOORE, for complainant; J. RHOADES, for defendant. This was an application on the part of the defend- Right to plead double. ant for leave to plead double. The motion was founded upon an affidavit of the defendant, that the bill was filed to recover a debt alleged to have been contracted in Baltimore in 1815, and to have arisen out of certain commercial transactions, moneys advanced, and bills of exchange drawn and protested during the year 1815; and that the bill contained an allegation that the complainant had not been able to prosecute his claim by reason of the continued absence of the defendant from this state. The defendant further stated in his affidavit that he came to the city of New-York, with his family, to reside in March, 1834, and continued there until September, 1835, and during such residence he made the usual declaration in court of his intention of becoming a citizen of the United States, according to the requirement of the naturalization law; and that as the defendant was informed and believed, the complainant and his deceased partners, after the alleged indebtedness accrued to them, made an assign-

ment of all their property and effects, under the insolvent law of Maryland, to G. Winchester, as trustee for the creditors. The counsel for the defendant thereupon asked for an order allowing him to plead the statute of limitations ; and also to plead such assignment of the complainant and his deceased copartners, as separate pleas, in bar of this suit.

THE CHANCELLOR. In Wyatt's Practical Register and some elementary treatises it is said several matters in bar may be pleaded together. But it is very doubtful whether double pleading was ever allowed in chancery without the special leave of the court. And the statute authorising the defendant in any action to plead as many matters as he shall think necessary for his defence, does not apply to suits in this court. The word *action* when used in the revised statutes, is intended to designate a proceeding in a court of law. But when *suit* is used in reference to legal proceedings, by the revisers, the statutes may apply to proceedings either at law or in equity ; unless there is some thing in the context to confine the operation of the statutory provision to suits in a particular court. It is well settled that neither in this court, nor in a court of law can the defendant plead two distinct defences in bar, in one plea, without rendering such plea bad for duplicity. The rules of pleading on that subject are substantially the same in this court and in courts of law. ( *Welf. Eq. Pl.* 292. *Lube* 263. *Coke Litt.* 304 *a. Ever's Syst. of Pl. Ch.* 36. *Story's Eq. Pl.* 498, § 653. *Rhode Island* v. *Massachusetts,* 14 *Peters' Rep.* 211. *Bogardus* v. *Trinity Church,* 4 *Paige's Rep.* 178.)

In courts of law, however, the defendant is permitted to put in separate defences by several distinct and independent pleas, as a matter of course, subject to the right of the plaintiff to apply to have some of them stricken out, where they are inconsistent with each other. But in this court, the defendant cannot put in several separate and independent defences to the whole bill or to the same part of the bill without the special leave of the court first obtained. Indeed until the case of *Gibson* v. *Whitehead,* (4 *Mad. Rep.* 241,) where Sir John Leach permitted two pleas to be filed, it was not suppo

sed to be admissible to plead two or more pleas in bar in this court under any circumstances. And Mr. Willis considered that as an unauthorised departure from what was previously considered as the established rule. *(Will. Eq. Pl.* 493.*)* Lord Brougham also in a subsequent case in the House of Lords, said it was contrary to the established rule of pleading; and that it had been overruled. *(See Harland* v *Emerson,* 8 *Bligh's Rep. N. S.* 85.*)* It appears to have been followed, however, by Sir Launcelot Shadwell in the case of *Hardman* v. *Ellames, (5 Sim. Rep.* 645 *;)* and by Lord Langdale in the more recent case of *Ray* v. *Marshall,* (1 *Keene's Rep.* 190,*)* notwithstanding what was said by Lord Brougham two years before. And a very late writer on the subject of equity pleading in England, considers it as now settled there that where great inconvenience would result to the defendant by compelling him to answer the court upon a special application may give him permission to plead two separate pleas in bar. *(Welf. Eq. Pl.* 293. *See also Story's Eq. Pl.* 501, § 657 *; Van Hook* v. *Whitlock,* 3 *Paige's Rep.* 419 *; Saltus* v. *Tobias,* 7 *John. Ch. Rep.* 214.*)*

Although this court has the power to allow the defendant to plead two or more pleas in bar, it is not a matter of course to allow it to be done upon a mere affidavit showing that the defendant believes he has separate defences of which he might avail himself by plea. The general rule is that where a defendant in this court wishes to set up more than one defence to the complainant's bill he must do it by answer. And he must make out a very special case of hardship and inconvenience to justify the court in departing from the general rule. The cases which would appear to justify a departure from the usual course of proceeding are where the making of the defence by answer instead of plea, would render it necessary for the defendant to set out very long accounts in his answer; or where the discovery of matters sought for by the bill, might be productive of great injury to the defendant in his business, or otherwise, if he were required to put in a full answer.

In the present case there is nothing to take the case out of

11*

the general rule. The defendant's application is therefore denied, with $8 costs.