## BRUEN *v.* BRUEN and another.

Where a demurrer, put in with an answer, is not restrictive in its heading,
it is bad: therefore where the caption was: "The demurrer and answer
of G. W. B. and J. B. B., defendants to the bill, &c." held bad in form.

An answer overrules a demurrer when the defendant does not restrict his
answering to the parts not covered by it. Thus, it is done where the de-
fendant commences paragraphs with "And this defendant further answer-
ing the said bill of complaint says, &c."

Where a bill is filed in relation to alleged frauds in a particular matter, the
complainant may charge contemporaneous frauds by the defendant in
which the complainant has no interest; and this has to be answered. A de-
murrer will not hold to it.

*Jan.* 23,
1845.

*Pleading.*
*Demurrer.*
*Answer.*

BILL filed by Mrs. Mary Ann D. Bruen against George
W. Bruen and John B. Beck. It showed that the defen-
dant George W. Bruen had been her agent in regard to real
estate for years; various alleged frauds in his accounts were
charged; and there was a transaction embracing a lot which
it was said he held secretly in the name of Richard S. Wil-
liams and which he got conveyed to the complainant and
afterwards while she was out of the country allowed to be
foreclosed and bought under the name of the defendant
John B. Beck although with the defendant Bruen's money
and for his benefit. The complainant claimed to be still
the equitable owner of this lot. Besides the clauses in the
bill relating directly to the complainant's rights and to the
defendant Bruen's conduct towards her, there were the fol-
lowing general allegations: "that she has been informed
and believes it true and so states that the said George W.
Bruen caused divers other lots of ground and property of
great value to be conveyed at his own expense and for his
own benefit to the said John B. Beck as also to the said
Richard S. Williams at or about the period of the said George
W. Bruen's becoming ostensibly insolvent as aforesaid and
for the like sinister purpose of covering the same from his
creditors; and your oratrix craves a full discovery from the
said John B. Beck in this behalf so far as he is concerned

and can state with time and place and other specifications in detail, your oratrix believing and charging that the said John B. Beck acted collusively with the said George W. Bruen in the various transactions here referred to as connected with his name to be used to coin various interests for the said George W. Bruen or otherwise in his behalf.

And your oratrix further understands and believes and therefore states that the said George W. Bruen, with the like fraudulent design as aforesaid, transacted a great variety of business in other names than his own and concealed a vast amount of property from his creditors by so doing that as surviving partner of the late firm of Thomas H. Smith & Son, he had divers funds and resources of that firm under his control and drew from thence the means of numerous instruments on his own account, covering the same from the pursuit of his creditors by the continuance of false names as above mentioned. And that he lately admitted to your oratrix or in her presence as showing that he has been in the habit since his pretended failure as aforesaid of transacting his business under false names and for the very reason that his circumstances were so involved as to require it in order to elude his creditors or to that effect, of which admissions your oratrix as she believes is able to make proof."

The defendants put in a joint demurrer and answer. The demurrer expressly covered those parts of the bill which we have above extracted—insisting that the complainant had no interest in the matters embraced thereby. The pleading was headed : "The demurrer and answer of George W. Bruen and John B. Beck, defendants to the bill of complaint of Mary Ann D. Bruen, complainant." There were paragraphs of the answer which commenced thus : "And this defendant George W. Bruen further answering the said bill of complaint says, &c." "And this defendant George W. Bruen further answering says, in bar to the said bill of complaint or so much thereof as seeks to have an account from this defendant (the taking of which said account would be attended with great expense and loss of time to this defendant, that this defendant being a resident of Hudson county, state of New Jersey, &c.," (going to show his discharge under the bankrupt act.) "And this defendant John B.

BRUEN
*v.*
BRUEN.

"Beck expressly denies that he, in any way, colluded with the said George W. Bruen or any other person in relation to the said sale or conveyance to him." "And this defendant John B. Beck further answering so much of the said bill of complaint as is not above demurred to denies all combination or confederacy against the said complainant, &c."

The case came before the court on the demurrer.

Mr. *Ellingwood*, in support of it.

Mr. *H. W. Warner*, contra.

*Dec.* 23, 1845.

THE VICE-CHANCELLOR :—I am inclined to think this demurrer is bad in form. The caption does not specify that it is the demurrer to a part and answer to the residue of the bill—but it is general : " The demurrer and answer of the defendants to the bill ?" thus importing to be a demurrer as well as an answer to the whole bill.

It goes on to particularize, however, the parts of the bill to which the demurrer applies ; and this, possibly, may be sufficient to obviate the objection to form in the caption.

But it is bad in other respects. The answer, in various places, is made to override the demurrer in its general language. For instance : " And this defendant George W. Bruen further answering the said bill of complaint says ;" and where the defendant Bruen sets up his discharge in bankruptcy, in bar to the said bill, &c. he words it "in bar to the said bill of complaint or so much thereof, &c." As to the defendant Beck, the part of the bill demurred to charges him with collusion in lending his name, &c. ; and yet, at folio 66 of the answer, he denies that he in any way colluded, &c.

But, whether or not the demurrer is bad in form or is overruled by the answer, I am of opinion that the matter demurred to is not an immaterial part of the case made by the bill. It is matter that may properly be alleged and to which evidence may be adduced, as is clearly established by the supreme court in *Cary* v. *Hotailing* and *Olmsted* v. *Hotailing*, 1 Hill's R. 311 and 317.

The demurrer must be overruled, with costs; and the defendants have twenty days to answer the part of the bill to which the demurrer applies.