## Case No. 11,686.

REISSNER et al. v. ANNESS et al.

[3 Ban. & A. 148;[1] 12 O. G. 842.]

Circuit Court, D. New Jersey. Nov., 1877.

PATENTS — PLEADING IN EQUITY — PLEAS — ELECTION.

1. The defendants, in answer to a bill for infringement, filed a plea containing three distinct points of defence. The matters pleaded all related to the invalidity of the complainants' patent, but alleged separate and distinct grounds for such invalidity: *Held*, that where more than one point of defence is relied on, such points should be stated by way of answer and not of plea, the latter being in such case, bad for duplicity.

2. A plea may contain an averment of several facts, but they must all conduce to a single point of defence. The practice is, not to confine the defendant to his first ground of defence by striking out the others, but to allow him either to set down the pleas as an answer, or to put him to his election as to which of the pleas he will abide by.

[This was a bill in equity by Christoph Reissner and others against S. W. Anness and others.]

B. F. Lee, for complainants.
A. V. Briesen, for defendants.

NIXON, District Judge. The bill of complaint is filed against the defendants for infringement of certain letters patent, No. 7,751, reissued to John A. Frey, June 19th, 1877, for improvements in coal-oil stoves, to which the defendants have put in a plea embracing three distinct defences, and which are, in effect, three several pleas, substantially as follows:

(1.) That the reissue to Fray was unlawful, because he had previously obtained a patent in Canada for the same invention, granted May 15th, 1873, for the term of five years, and the reissue here was not limited to expire at the same time with the foreign patent.

(2.) That new matter was introduced into the reissue which was not shown and described in the original patent.

(3.) That, for the purpose of deceiving the public, the description in the reissued letters patent was made to contain less than the whole truth relative to the alleged invention.

The plea or pleas were set down for argument, and the first question raised was whether the same were not bad for duplicity.

The counsel for the defendants insists that they are not, because, although three distinct matters are alleged against the right of the complainants to recover, they all relate to a single defence—to wit, the invalidity of the complainants' patent.

The office of a plea, in equity practice, is to present to the court a single point of defence. The rule is not a harsh one for the defendant, because, when he desires to avail himself of more than one matter of defence, he can resort to an answer, which affords him ample opportunity; whereas in common law proceedings, double pleas are allowed, for the reason that the defendant has no other mode of presenting his various defences to the court.

The use of a plea, and the reasons for its allowance, are, that it saves time, trouble and expense; but if parties are permitted to multiply pleas, setting up different facts in avoidance of the plaintiffs' claim, nothing is gained in these respects, and an answer is the proper course of pleading.

The general rule is, that a plea must not contain more defences than one. It is not limited to one fact. It may embrace various facts; but they must all conduce to a single point on which the defendant rests his defence. Story, Eq. Pl. § 654.

The counsel for the defendants claims that he has only one plea, and that he has the right to allege therein three grounds of invalidity of the complainant's patent.

The trouble about this view of the case is, that each one is an independent defence, having no relation to the other, and that although included in one plea, their allowance involves all the consequences of three separate and distinct pleas. If they may set up three, then why not one hundred, upon each of which, if the complainants put in replications, there will be an issue joined, and we shall be in the midst of the complications and difficulties which a single plea was designed to prevent.

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

The counsel for the complainants on the argument assumed that the defendants were obliged to stand upon the first ground of defence alleged, and that the two remaining grounds should be stricken out. But I think the true rule of practice in such cases was indicated by Chancellor Kent in Saltus v. Tobias, 7 Johns. Ch. 214, where he allowed the defendant to elect which plea he would abide by.

The proper order in the case is, that the pleas as filed may be set down as an answer at the option of the defendants; and, if they do not choose to do this, that ten days be given to them to elect which of the several grounds of defence they will stand on, and when such election is made, that the other grounds be overruled.

And it is ordered accordingly.

[NOTE. The defendants elected to stand by the second defense in their plea. They claimed the right, upon plaintiffs' replication, to begin and close the proofs. This was denied. Case No. 11,687. Upon the final hearing, there was a decree in favor of complainant. Id. 11,688. For another case involving this patent, see Id. 11,689.]