Choate, D. J.
The complainant, claiming to have succeeded to the rights of purchasers under a foreclosure sale in a certain railroad, has brought this bill for’ discovery and relief, in respect to certain bonds issued or alleged to have been issued under two earlier mortgages on parts of the road, praying, among other things, that certain of said earlier mortgage bonds, in the possession of the defendants, be delivered up to be cancelled. The bill also contains a prayer for general relief.
The defendant Macomb has filed an answer, in which he has answered part of the bill. He has also filed 32 demurrers to different parts of the bill, and the demurrers have been argued.
The first demurrer is to “so much and such part of said bill as in the fourth, fifth, sixteenth, eighteenth, twenty-first, twenty-third, twenty-fourth, twenty-fifth, twenty-sixth, twenty-seventh and twenty-eighth interrogatories, or elsewhere, seeks that this defendant may answer and set forth the matters as to which he is thereby interrogated of and concerning said first mortgage bonds, etc., not therein and thereby referred to as having been issued without the consent of the trustees in said mortgage, or without the certificate of such trustees.” And the special cause of demurrer alleged is that the plaintiff has not stated such a case as entitles it to such discovery.
An objection is taken to this demurrer that, even without the addition of the words “or elsewhere, ” the demurrer would be sufficiently certain, yet those words make the demurrer bad *20 because it does not point out with certainty the parts of the bill demurred to.
The rule, undoubtedly, is that a special demurrer to part of a bill must point out with certainty the part demurred to. This is not only necessary for reasons of convenience, but, unless the demurrer has this precision, there must be great uncertainty in the judgment, if a judgment is entered, sustaining the demurrer. Atwell v. Terrett, 2 Bl. C. C. 39. The defendant’s counsel relies, however, on the case of Claridge v. Hoar, 14 Ves. Jr. 65, as an authority for rejecting the words “or elsewhere” as surplusage. That was not a case of a demurrer, but of a plea, and I think it has no relevancy to this question.
It would seem that if the demurrrer is sustained it must be sustained as a whole. And if that is so the judgment would evidently be uncertain as to what parts of the bill under the judgment on the demurrer the defendant would be excused from answering. But as both parties have also fully argued this demurrer on the merits, as if it were a demurrer to the discovery sought in the enumerated interrogatories only, I have examined it as if the words “or elsewhere” had been omitted or could be rejected.
The bill alleges that the first mortgage bonds to which these interrogatories relate are void in the hands of the defendant, on several grounds; and among other things alleged in respect to.all of that class of bonds held by this defendant it is stated in the bill that they had not the certificate of the trustees to their genuineness, as required by the mortgage. This defect is alleged as one of the grounds for holding them void in the hands of the defendant, who is also alleged to hold them with notice of their invalidity, and without having parted with value for them.
The objection to these interrogatories is, as stated in defendant’s brief, that “inasmuch as the bill only charges Macomb with holding uncertificated bonds, can the plaintiff have a discovery as to any other bonds?” It is also objected that the plaintiff is not entitled to any discovery as to any bonds not held by the defendant Macomb. The interroga *21 tories referred to are undoubtedly broad enough to call for answers as to first mortgage bonds held by Macomb, other than uncertified bonds, and also as to bonds other than those held by Macomb, certified or uncertified. But I think the plaintiff is entitled to the discovery sought for in both particulars. It is true, it is alleged in the bill that the bonds held by this defendant are uncertified, but on this point the plaintiff may be misinformed; and, in fact, the defendant’s bonds may be in part certified, and interrogatories are not to be framed and limited upon the theory that everything stated in the bill is precisely and in every detail true.
And, as to the other point, the bill shows such grounds of relief against this defendant and his associates, for alleged fraud in the disposition of these bonds generally, the rights of the complainant not being limited to those held by this defendant, that the interrogatories are proper for the purpose of discovering what disposition has been made of any of that issue of bonds. The point is also made that the prayer for relief is limited to the bonds held by the defendant. But the bill states a case larger than that, and the prayer for general relief is a prayer for any relief the court can give, except by injunction, upon the facts averred in the bill. Story Eq. PL 4041.
The second, third, fourth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, fifteenth, sixteenth, seventeenth, nineteenth and twentieth demurrers are clearly bad because they do not point out with certainty the parts of the bill demurred to.
The fifth demurrer is to “so much and such part of said bill as in the fifth, seventh, nineteenth, twenty-first, twenty-third, twenty-fourth, twenty-fifth, twenty-sixth, twenty-seventh and twenty-eighth interrogatories, or elsewhere, seeks that this defendant may answer and set forth the matters, etc., concerning the payment or redemption of any second mortgage bonds, etc., not alleged in the bill, or appearing by this defendant’s answer to have been at the time of the commencement of this suit or now to be in the hands and possession of this defendant. The ground alleged is that no such *22 case is stated in the bill as entitles the plaintiff to the discovery.
This demurrer is open to the same objection in matter of form as the first demurrer, and to this further objection, that it is not based upon what appears in the bill, but refers to averments in the answer for the purpose of defining the part of the bill demurred to. • This is objected to as a fatal defect in the demurrer, and I think the objection is well taken. It violates the rule that a demurrer “relies merely upon matter apparent on the face of the bill.” (Mitf. Eq. Pl. 249.) It also leaves the parts demurred to uncertain. But upon the merits I think the plaintiff is entitled to the discovery sought, and that the objection made to the bill, that the fraud alleged is not averred with sufficient certainty, is not well taken.
The thirteenth demurrer is to the discovery sought by the eleventh interrogatory as to the books and accounts of the “Mississippi Gentral Railroad Company.” The grounds of demurrer are that that company haB no interest in the cause; that the discovery is not material to the relief prayed for; and that the plaintiff has not stated such a case as entitles it to such discovery. The fourteenth demurrer is to the twelfth interrogatory, which seeks similar discovery as to the books and accounts of the “Southern Railroad Association.” The same grounds of demurrer are alleged. The bill alleges, on information and belief, that the books of both said corporations are in the possession and under the control of the defendant Macomb, who is also alleged to be an officer of the first-named company, and the president of the second. It is alleged in the bill that these books and accounts were kept under the direction of the defendant, and contain very material evidence of the dealing of said companies with each other, and with this defendant and his associates, touching the redemption of the mortgage bonds, the subject-matter of the suit, and I can see no reason why the interrogatories should not be answered.
The eighteenth demurrer is to the seventh interrogatory, which seeks discovery as to whether the defendant holds or owns the bonds held by him in his own right, or holds them *23 for other parties or jointly with others, and if for or with others, for and with whom. The ground of this demurrer is that as to any bonds not held by the defendant he is a mere witness. But the interrogatory does not call for any discovery as to any bonds not held by the defendant, and as to those held by him it is averred that he has received them with notice and without consideration, from parties having no right to them, and he is asked to disclose what interest he has.
The remaining demurrers, which are to the discovery sought by particular interrogatories, seem not to be well taken. To many of these interrogatories the defendant has answered, and the object of the demurrers appears to be to obtain the opinion of the court whether he should answer further. If the interrogatories are too broad, and he has answered so far as the plaintiff has shown himself entitled by his bill to a discovery, a demurrer to the interrogatory is unnecessary and improper. If the plaintiff is satisfied with the answer, then, so far as that part of the bill is concerned, the answer is complete. If the plaintiff is not satisfied, it is the special office of an exception, and not of a demurrer, to raise the question whether the answer is sufficient.
The demurrers are overruled.