## SHARON *v.* HILL.

*(Circuit Court, D. California. October 16, 1884.)*

1. EQUITY—PLEADING—DUPLICITY—MULTIPLICITY.
   A plea of another suit pending in a state court for the same cause of action, and that the United States court has no jurisdiction, because of the citizenship of complainant, is bad.

2. SAME—TWO PLEAS—LEAVE OF COURT.
   But one plea can be set up in equity without express leave of the court.

3. SAME—ANOTHER SUIT PENDING.
   A suit in the state court for a divorce and a division of the community property is for a different cause of action from one by the same parties in a United States court for a decree declaring an alleged written contract of marriage made in pursuance of section 75 of the Civil Code of California to be fraudulent and void, and asking to have it canceled, and defendant perpetually enjoined from claiming any right under it, and cannot be pleaded in abatement of the suit in the United States court.

4. SAME—SUIT PENDING IN STATE COURT.
   A suit pending in a state court cannot be pleaded in abatement of a suit in a United States court, as the courts of the states and of the United States are courts of different jurisdictions.

5. SAME—EQUITY RULE 69—EVIDENCE—HEARING ON PLEADINGS.

Where, after expiration of the time allowed by equity rule 69 for taking testimony, a case is submitted on bill, plea to the jurisdiction, and replication, and no evidence has been taken by defendant, on whom the burden of proof rests, the plea will be overruled for want of evidence.

In Equity.

For facts of case see *Sharon* v. *Hill*, 20 FED. REP. 1.

*W. H. L. Barnes*, for complainant.

*Tyler & Tyler*, for defendant.

SAWYER, J., (*orally*.) There is but one thing to do in this case, and that is to overrule the plea. There are, in fact, two pleas: one is that another suit is pending in a state court for the same cause of suit; the other is that the complainant, Sharon, is a citizen of the state of California, of which state the defendant is also a citizen, and therefore that this court has no jurisdiction in the case. If the complainant had objected to the plea on account of duplicity and multifariousness, and set it down for argument instead of replying, the court would have been obliged to overrule it on that ground. But one plea can be set up in equity without express leave of the court. Story, Eq. Pl. §§ 653, 654; 2 Daniell, Ch. Pr. 681, 682, (Perkins' Ed.) The plea is bad on that ground. The plaintiff's counsel did not see fit to set it down for argument on that ground, and the objection is perhaps waived.

Admitting the facts as alleged in the plea, of another suit pending, to be true, the plea must be held bad because the two causes of suit are not identical. The suit in the state court is for a divorce and a division of the community property. The suit in this court is for a decree declaring the written instrument set out and claimed to be a contract of marriage, made in pursuance of section 75 of the Civil Code of California, to be fraudulent and void; for canceling it on that ground; and for a perpetual injunction restraining defendant from claiming any rights under it. It is true, the same principal issue will arise in both cases, but the bills of complaint in the respective suits call and pray for entirely different and inconsistent relief. They are, therefore, not the same cause of suit; nor is the relief sought in the two suits by the same party. The first plea is bad, in substance, on that ground. 2 Daniell, Ch. Pr. 720, 721. The whole effect sought in the second suit could not be had in the first, nor by the same party. A cross-bill, at least, would be necessary, which would, in effect, be another suit. The suit in the state court for divorce and a division of the community property rests, for cause of suit, upon an alleged valid and subsisting contract. It can be maintained on no other theory. The complainant seeks to enforce the contract up to the present moment, by claiming a decree for her half of the common property under it; and then to have the contract dissolved, as to the future, upon matters arising subsequently to the making of the contract; while the cause of suit in this court is a forgery in making, and fraud in

setting up, a contract alleged to have never been entered into. It is sought to have the pretended contract decreed to be void. *ab initio,* as a forgery and a fraud. An alleged valid and subsisting contract is, therefore, the basis and cause of one suit; and forgery and fraud, the basis and cause upon which the other rests. These, certainly, do not constitute the same causes of suit. The causes of suit are clearly not identical. It is also bad on another ground: that the suit set up is not pending in a court of the same jurisdiction. Id. It is well settled by the supreme court of the United States that a suit pending in another jurisdiction for the same cause cannot be pleaded in abatement of a suit in the United States courts, and that the courts of the states and of the United States are courts of different jurisdictions. *Stanton* v. *Embrey,* 93 U. S. 548, 550; *Gordon* v. *Gilfoil,* 99 U. S. 169, 178. Here there are two jurisdictions—jurisdictions of two distinct governments. One is state jurisdiction, and the other is the jurisdiction of a national court. If it were a fact that a suit is pending for the same cause in the state court,—a court of a different sovereign jurisdiction,—it would not abate the suit here. The plea is bad in substance on that ground, and this objection is taken in the replication. This plea, conceding the facts set up to be true in fact, still affords no ground for abating the suit.

But a replication having been filed, taking issue on the plea to the jurisdiction, the case is submitted for decision on the pleadings without any evidence. The plea was filed April 24, 1884. The plaintiff joined issue by filing his replication on May 3, 1884, taking issue on the facts alleged in the plea. The party, under equity rule 69, prescribed by the supreme court of the United States, had a certain prescribed time within which he could take testimony. "Three months, and no more, shall be allowed for the taking of testimony after a cause is at issue, unless the court, or a judge thereof, shall, upon special cause shown by either party, enlarge the time; and no testimony taken after such period shall be allowed to be read in evidence at the hearing." No extension of time was given or even applied for. That rule is specific. The filing of this plea to the jurisdiction that Mr. Sharon is a citizen of California, and the replication to it, presented issues of fact. The plea was filed early in May. Over five months have elapsed since the case was at issue on the plea. No testimony has been taken and no application for an extension of time was made. The three months having expired, no testimony can now be taken. It was on that ground that the case was submitted on the pleadings without evidence by complainant's counsel on yesterday, as he had a right to do, it having been regularly set down for hearing on the calendar for that day, and having been regularly called in its order for hearing. The burden of proof is on the party making the allegations of the plea. As she has no testimony, necessarily, her plea is not supported. The plea must, therefore, be overruled on that ground, there being no testimony to support it. These are the points

that are submitted for decision now. I call attention to the other question, also, to show what must have been the result as to the first plea on the ground of duplicity. The real points in the case, as now submitted, are, that there is no evidence in the case to support the second plea; consequently, the affirmative being on the party pleading the matter to the jurisdiction, the plea must be overruled for want of evidence; and the other plea in abatement is bad in substance. The plea is therefore overruled, with costs, with leave to answer to the merits within 30 days.