## UNITED STATES *v.* AMERICAN BELL TELEPHONE Co.

*(Circuit Court, D. Massachusetts.* April 4, 1887.)

EQUITY—PLEADING—DEMURRER.

A defendant in equity will not ordinarily be allowed to file a demurrer to the whole bill, and at the same time several pleas. Even if the court has the power to allow such a procedure, such power will not be exercised, unless for good and sufficient reasons, and to prevent injustice.

*George A. Jenks,* Sol. Gen., *George M. Stearns,* U. S. Dist. Atty., *John Goode, Jeff Chandler,* and *Wm. C. Strawbridge,* for the United States.
*Chauncey Smith* and *James J. Storrow,* for defendants.

COLT, J. The defendant moves for leave to file a demurrer to the whole bill, and at the same time several pleas. Equity rule 32 provides that "the defendant may, at any time before the bill is taken for confessed, or afterwards, with the leave of the court, demur or plead to the whole bill, or to part of it, or he may demur to part, plead to part, and answer as to the residue." According to the practice of English courts of chancery, "a defendant may demur to one part of a bill, plead to another, answer to another, and disclaim as to another. But all these defenses must clearly refer to separate and distinct parts of the bill. For the defendant cannot plead to that part of the bill to which he has already demurred; neither can he answer to any part to which he has either demurred or pleaded, the demurrer demanding the judgment of the court whether he shall make any answer, and the plea whether he shall make any other answer than what is contained in the plea." Mitf. & T. Eq. Pl. 411.

It was held in *Crescent City Co.* v. *Butchers' Co.,* 12 Fed. Rep. 225, that there was no rule which allows a defendant to demur to the whole bill, plead to the whole bill, and answer to the whole bill at the same time, that the effect of such pleading is that the plea is taken as waiving the demurrer, and the answer as waiving the plea. 1 Daniell, Ch. Pl. 787, 788. It may be said, therefore, that to grant this motion would be contrary to the regular and orderly course of pleading in equity causes.

But it is urged by the defendant that it is within the discretion of the court to grant this motion; that, under the authority of *Poultney* v. *City of La Fayette,* 12 Pet. 473, every court of equity possesses the power to mould its rules in relation to the time and manner of answering, so as to prevent the rule from working injustice; and that it is not only in the power of the court, but it is its duty to exercise a sound discretion upon the subject when the purposes of justice require it; and further, that the rules prescribed by the supreme court were not intended to deprive the courts of the United States of this well-known and necessary power. Assuming the power of the court to grant the motion now asked for, (upon which I am not entirely free from doubt,) I am clear it should not be exercised unless for good and sufficient reasons, and to prevent injustice.

The defendant asks leave to file a demurrer to the whole bill, raising the question of the power of the government to maintain this bill, and also to test the equities of the bill. These two subjects may properly be raised by demurrer; and, in the orderly course of procedure in equity, the demurrer would be first filed and heard. The demurrer would determine whether the bill is without authority or not. The defendant also asks leave at the same time to plead, or to file several pleas, for for the following reasons: It is said that the bill refers to litigation previously had with reference to the scope and validity of the patents in controversy, but that it does not state the result of such litigation, or the decisions therein, or that the questions of fact or questions of law, sought to be raised by this bill, have been argued before the supreme court in suits for infringement of these patents, and are now held under advisement by that court, and that, therefore, this defendant's proper course is to plead the same. For this reason it asks leave of the court to plead any and all determinations relating to or affecting the validity or scope of said patents in addition to demurring to the bill, and it represents that the questions which it desires to raise by such plea are closely akin to those which would be raised by demurrer, and that much time, expense, and labor would be saved by presenting them at the same time. Again, it is urged that the bill purports to state the contents of certain written communications from the commissioner of patents to Elisha Gray, and of certain rules of the patent-office, and that the defendant is advised that it should present copies thereof to the court by plea, because the legal effect thereof cannot be otherwise ascertained. It further represents that the litigation heretofore had under these patents has resulted in records filling 20,000 printed pages, including more than seven hundred depositions, which have required many years to take, and which have cost each side not less than $300,000; that such records are now before the supreme court on appeal, and have been the subject of 12 days' argument before that court, and are now held under advisement. The defendant says that it would be indecorous and contrary to the practice and usages of courts of equity to retry any questions pending before the supreme court until that court shall have pronounced its judgment; and that it would be unjust to require such extensive litigation to be repeated in this case, until the questions of the power and authority of this court to entertain this bill, and the propriety of its so doing as a court of equity, have been fully determined upon the facts stated in the bill, and upon a consideration of the results of the suits and litigation referred to in the bill, but not fully stated. It therefore moves for leave to plead said matters, and all matters tending to show laches on the part of the complainant, in addition to demurring.

A proper plea is a defense such as reduces the cause, or some part of it, to a single point, and from thence creates a bar to the suit, or to the part of it to which the plea applies. 1 Daniell, Ch. Pl. 603. So far as this plea proposes (and this seems to be the main ground of the motion) to set up prior litigation respecting these patents, no bar or estoppel is shown such as would constitute a good plea, because it does

not appear that the parties are the same, or the subject-matter the same. It follows that the facts relating to prior litigation set out in this motion, and the considerations of the saving of time, labor, and expense, while they might be urged, as suggested by the plaintiff, as a ground for a continuance of the case, afford, in my opinion, no sufficient justification for granting this motion. Nor do I think the failure of the bill to state the contents of the written communications, or the rules of the patent-office, referred to in the bill, a sufficient reason for allowing the defendant to plead, and at the same time demur, to the whole bill; such a course being contrary to well-established rules of equity pleading. In a cause of this magnitude, it seems to me the ends of justice are more likely to be reached by following the regular and orderly procedure of courts of equity, and that the court should hesitate, unless from grave considerations, to depart therefrom. Motion denied.