HOSTETTER CO. v. E. G. LYONS CO.

(Circuit Court, N. D. California. February 12, 1900.)

No. 12,822.

1. TRADE-MARKS—INFRINGEMENT—PLEADING—PLEAS.

The objection to a bill for the infringement of a trade-mark, that it is insufficient to entitle complainant to relief, because it does not show that complainant has the exclusive right to the trade-name claimed to be infringed, cannot be raised by plea, but must be raised by demurrer, since a defect on the face of the bill.

2. SAME—MULTIFARIOUSNESS.

In a suit for the infringement of a trade-mark, the plea set up as defenses that the bill was insufficient, because not showing that complainant had the exclusive right to the trade-name claimed to be infringed, and that complainant was not entitled to protection in using such name in connection with what it called "bitters," made and manufactured after formulæ long known and understood, and not belonging exclusively to complainant. *Held*, that the plea was multifarious, because presenting two separate and distinct issues,—one of law and one of fact.

[1] 42 C. C. A. 233, 102 Fed. 153.

In Equity.

E. Edgar Galbreth and Albert H. Clarke, for complainant.
Joseph M. Kinley, for respondent.

MORROW, Circuit Judge. This is an action brought for the infringement of a trade-mark by the complainant, a corporation organized under, and existing by virtue of, the laws of Pennsylvania, against the respondent, a corporation organized under the laws of this state, having its principal place of business at San Francisco, Cal. The bill charges that the respondent has sold and is now selling a compound made in imitation of a preparation put up and sold by complainant under the names, "Hostetter's Celebrated Stomach Bitters," "Hostetter's Bitters," "Hostetter," "Host.," and "H. Bitters"; that respondent's imitation is calculated to mislead and deceive the ordinary purchaser, and is sold by respondent either in bulk by the gallon, or in labeled bottles resembling complainant's bottles and labels, or in complainant's bottles, which, having been exhausted, are refilled by respondent with its compound. The bill further alleges that such infringement on the part of the respondent has been practiced by it for a period of five years, that complainant has but recently learned thereof, and that complainant has been injured thereby to the extent of $10,000, and prays for an accounting of profits and damages, and that a perpetual injunction issue, restraining respondent from all the acts complained of. Respondent has filed an answer denying generally the averments of the bill, and has also filed a special plea accompanying the answer, subject to which the answer has been interposed, and without waiving any of the averments therein contained or the issues thereby raised. This special plea avers: (1) That the bill of complaint is inadequate and insufficient to entitle complainant to relief, in that it does not appear from the bill that the complainant has the exclusive right to use the trade-name "Hostetter's Bitters"; that such name is not a subject of trade-mark or exclusive use, except it be used other and different from the manner in which the complainant uses it with and concerning that class of goods it claims to have the exclusive right to sell. (2) And that complainant is not entitled to protection in using the said name in connection with what it calls "bitters," which are made and manufactured after formulæ long known and understood, and not belonging exclusively to complainant.

The office of a plea, in equity practice, is to present a single issue of fact as a defense, which operates as a bar to the complainant's right of recovery. A demurrer, on the other hand, raises a question of law, and is directed to the sufficiency of the complaint. It is manifest that these two defenses cannot be combined in one pleading, and this is the fatal objection to the present plea. It presents two separate and distinct defenses; the first being that the bill of complaint is inadequate and insufficient to entitle the complainant to relief, in that it does not appear from the bill that the complainant has the exclusive right to the trade-name of "Hostet-

ter's Bitters." If this objection is well founded, it discloses a defect in complainant's case as stated in the bill, but this objection is one that cannot be raised by a plea. A defect upon the face of a bill is to be met, not by a plea, but by a demurrer. In Farley v. Kittson, 120 U. S. 303, 314, 7 Sup. Ct. 534, 30 L. Ed. 684, the court said:

> "But the proper office of a plea is not, like an answer, to meet all the allegations of a bill, nor like a demurrer admitting those allegations to deny the equity of the bill; but it is to prevent some distinct fact which of itself creates a bar to the suit, or to the part to which the plea applies, and thus to avoid the necessity of making the discovery asked for, and the expense of going into the evidence at large. Mitf. Eq. Pl. (4th Ed.) 14, 219, 295; Story, Eq. Pl. pars. 649, 652.".

It is very certain that a question of law as to the sufficiency of the bill cannot be raised by a plea, and that the first defense set up by respondent cannot be maintained as a plea in bar.

The second defense, that the complainant is not entitled to protection in using the said name in connection with what it calls "bitters," which are made and manufactured after formulæ long known and understood, and not belonging exclusively to the complainant, presents an issue of fact as to the formulæ under which complainant's bitters are made and manufactured, and whether such formulæ have been long known and understood by the public. This defense requires evidence to support it.

The plea, presenting, therefore, two separate and distinct issues, —one of law and one of fact,—is objectionable for duplicity and multifariousness.

In the case of State of Rhode Island v. State of Massachusetts, 14 Pet. 259, 10 L. Ed. 423, it is said:

> "But the plea put in by the defendant cannot be sustained, even if this were to be treated as a suit between individuals, and tried by the ordinary rules of chancery pleading. It is multifarious, and on that account ought to be overruled. It is a general rule that a plea ought not to contain more defenses than one. Various facts, therefore, can never be pleaded in one plea, unless they are all conducive to a single point, on which the defendant means to rest his defense. This principle is so well established that it is unnecessary to refer to many adjudged cases to support it."

In McCloskey v. Barr (C. C.) 38 Fed. 167, Circuit Judge Jackson said:

> "It is not usual or in conformity with proper practice for a defendant, without previous special leave of the court, to file several separate pleas, or to protest several distinct and independent defenses in one plea to the suit, for the reason that the defense proper for a plea is such as reduces the cause, or some distinct part of it, to a single point or issue; the object of the plea being to save litigant the expense and trouble of going into the evidence, and a trial at large. In Mitf. & T. Eq. Pl. 381, it is said that 'it is generally concurred that a plea ought not to contain more defenses than one, and though a plea may be bad in part, and not in the whole, and may accordingly be allowed in part and overruled in part, yet there does not appear any case in which two defenses offered by a plea have been separated, and are allowed as a bar.' The reason for this rule is fully and clearly explained on pages 382 and 383 of the same work. The plea may consist of a variety of facts and circumstances, without being bad for duplicity or multifariousness, provided they furnish, as their result, one clear ground upon which the equity of the bill, or the

part thereof pleaded to, may be disposed of. 1 Daniell, Ch. Prac. 607; Story, Eq. Pl. par. 654; Didier v. Davison, 2 Sandf. Ch. 61."

See, also, Briggs v. Stroud (C. C.) 58 Fed. 717.

The plea will be overruled.