## MILLER & LUX v. RICKEY et al.

### (Circuit Court, D. Nevada. July 6, 1903.)

### No. 731.

1. EQUITY PLEADING—DEMURRER—WAIVER BY PLEA.
    A demurrer to a bill should clearly and distinctly show the portions demurred to, and where it is uncertain, averring the insufficiency of the bill to state a cause of action for the relief prayed for, and also attacking particular parts as insufficient, it must be treated as a demurrer to the whole bill, and is overruled by the filing of a plea.

2. SAME—PLEAS—DUPLICITY.
    A plea may contain an averment of several facts, but they must all conduce to a single point of defense. Double pleas or separate pleas are never allowed without special leave of court, and then only in exceptional cases, where special hardship and inconvenience would otherwise result.

In Equity. On motions to strike demurrers and pleas in abatement from the files.

W. C. Van Fleet and W. B. Treadwell, for complainant.
Trenmor Coffin, for defendant Rickey.
Mack & Farrington, for defendants Simpson et al.

HAWLEY, District Judge. This suit is brought by Miller & Lux against about 150 defendants, to restrain them from diverting certain waters. To the bill of complaint, the defendants Rickey and Simpson et al., appearing in different groups, interposed demurrers and also filed pleas in abatement. The complainant notified these defendants (1) that it would "move the court to strike from the files your demurrer

¶ 1. See Pleading, vol. 39, Cent. Dig. § 522.

to the bill of complaint herein on the ground that the same is overruled and waived by your plea and pleas to said bill filed therewith," and (2) that it would also "move the court to strike from the files your plea or pleas to said bill on the ground that said plea or pleas are insufficient and invalid for duplicity, in that several pleas, not tending to the same point, have been filed by you without leave of the court, and that, in case the court should deny said motion, said complainant will move the court on the same ground for an order requiring you to elect on which of said pleas you will rely." These motions were regularly made and argued by the respective counsel, and present several important questions with reference to the proper methods of procedure that ought to be pursued by the court in the disposition of the demurrers and pleas. At the outset it must be remembered that the merits of the demurrers or pleas are not before the court for decision. Some suggestions have been made of supposed hardships, benefits, or advantages that might attach to one party or the other if the motions are sustained, and an earnest appeal is made for the court to exercise a sound discretion in order to protect the interests of the numerous parties to this suit. Parties must be governed by the character of the pleadings they have voluntarily filed. It is the duty of the court to determine the effect of these pleadings, and the disposition that should be made thereof.

The motions are made upon the ground that the demurrers and pleas go to the whole bill. This position is combated by the defendants, who claim that their demurrers are to a part of the bill only. If the demurrers are to the whole bill, the motion to strike the same from the files must be granted; if to a part only, the motion should be denied. The demurrers of the several defendants first state "that the said complainant has not in and by the said bill made or stated any such cause as doth or ought to entitle said complainant to any such relief, as is thereby sought and prayed for from or against this defendant," and then for specific and particular causes of demurrer set out several specific subdivisions, wherein certain parts and portions of the averments in the bill are claimed to be insufficient, defective, or uncertain. In the course of the general framework of the demurrers are found sections or subdivisions which are specifically directed to certain paragraphs in the bill, and others that go to the whole bill as well as to specific parts thereof. For instance: "That said paragraph and said bill wholly fails to show for what purposes or purpose said corporation was formed. * * * This defendant shows that said paragraph and said bill are each not sufficiently definite or certain in the respects hereinabove specified." Again: "This defendant further avers and shows that said bill, and particularly paragraph eleven thereof, is not sufficiently definite and certain. * * * Said bill fails to show where said river rises or empties." Then again: "This defendant further avers and shows that said bill, and each and every paragraph thereof, * * * fails to show," etc. Wherefore defendant demurs, and "demands the judgment of this court whether he shall be compelled to make any further or other answer to the said bill or to such parts of said bill as are so demurred to as aforesaid, and prays to be hence dismissed with his costs," etc.

1. Is it not apparent from these references, common to both demurrers, without any reference to other points, that the demurrers must be treated as being to the whole bill, notwithstanding the fact that certain portions thereof are directed to certain parts thereof only, and that, having filed pleas to the whole bill, the demurrers are overruled and waived by the filing of the pleas? The drift of the decisions is to the effect that the pleader ought not to so draft his plea or demurrer as to leave it doubtful whether it applies to the whole bill or only to a part of the bill, but should use appropriate words and declarations to show clearly to what portion it does apply. It ought in all cases to be precisely stated what parts of the bill defendant refuses to answer, and what specific part or portion he demurs to. Devonsher v. Newenham, 2 Shoales Lefroy's Rep. 199, 205; Metcalf v. Brown, 5 Price Rep. 360; Jones v. Earl of Strafford, 3 Peere Williams R. 79, 80; Weatherhead v. Blackburn, 2 Ves. 121; Chetwynd v. Lindon, 2 Ves. Sen. 451; Clancy v. Craine, 17 N. C. 363; Bruen v. Bruen, 4 Edw. Ch. 640, 642; Van Hook v. Whitlock, 3 Paige, 409, 418; Leacraft v. Demprey, 4 Paige, 124; Jarvis v. Palmer, 11 Paige, 650, 657, 659; 1 Daniel Ch. Pl. & Pr. (6th Ed.) 608, 610, 787; Atwill v. Ferrett, 2 Blatchf. 39, Fed. Cas. No. 640; Railroad v. Macomb (C. C.) 2 Fed. 18, 20; Crescent City Live Stock Co. v. Butchers' Union Co. (C. C.) 12 Fed. 225, 226; United States v. American Bell Telephone Co. (C. C.) 30 Fed. 523; Marshall v. Otto (C. C.) 59 Fed. 249, 252.

In the early case of Devonsher v. Newenham, supra, decided in 1804, the Lord Chancellor said:

"The cases on the subject have clearly determined that the demurrer must express in the clearest manner what it is that you demur to. · It has been repeatedly said that where a defendant demurs to part, and answers to part, of a bill, the court is not to be put to the trouble of looking into the bill or answer to see what is covered by the demurrer, but that it ought to be expressed in clear and precise terms what it is that the party refuses to answer, so that the master, upon a reference of the answer to him upon exceptions, should be able to ascertain precisely how far the demurrer goes, and what is to be answered. And I cannot agree that it is a proper way of demurring to say that the defendant answers to such and such particular facts, and demurs to all the rest of a bill; for this would put the master to great difficulty in saying what was demurred to, and whether the answer was sufficient or otherwise. The defendant ought to demur to a particular part of the bill, specifying it precisely, and answer to all the rest."

In Jarvis v. Palmer, supra, the chancellor said:

"But the rule of chancery pleading is such on this subject that, if the demurrer does not go to the whole bill, it must clearly express the particular parts which it is designed to cover; so that upon a reference of the answer to the residue of the bill, upon exceptions for insufficiency, the master may be able to ascertain precisely how far the demurrer goes, and how much of the bill remains to be answered. * * * And as a demurrer cannot be allowed in part, where it is too broad, if any part of the matter covered by the demurrer is also covered by a plea or answer, the whole demurrer is overruled by such plea or answer."

In Crescent City Live Stock Co. v. Butchers' Union Co., supra, the court said:

"Under the thirty-second equity rule a defendant may demur to part of a bill, plead to part, and answer as to the residue. Under the thirty-seventh equity rule no demurrer or plea shall be held bad and overruled upon argu-

ment only, because the answer of the defendant may extend to some part of the same matter as may be covered by such demurrer or plea. But we do not understand that there is any rule that allows a defendant to demur to the whole bill, plead to the whole bill, and answer to the whole bill at the same time. The effect of such pleading is that the plea is taken as waiving the demurrer, and the answer as waiving the plea."

2. Are the pleas filed by defendants invalid for duplicity? Three pleas are independently set up by defendants without first asking the leave of the court: (1) For plea to the naming of parties, the defendants say "that a large number of said defendants, to wit, forty-one of said defendants, are not sued or joined as defendants by their true Christian names, but are sued by their respective initials only." (2) A plea to the jurisdiction of this court. (3) Plea to the want of and the absence of proper, necessary, and indispensable parties defendant to said bill of complaint. It is irregular, and, as a general rule, improper, to file more than one plea in an equity suit. The proper office of a plea, as expressed by the Supreme Court in cases hereafter cited, is not like an answer, to meet all the allegations of the bill, nor like a demurrer, admitting those allegations, to deny the equity of the bill; but it is to present some distinct fact, which of itself creates a bar to the suit, or to the part to which the plea applies, and thus to avoid the necessity of making the discovery asked for, and the expense of going into the evidence at large. A plea may contain an averment of several facts, but such facts must all conduce to a single point of defense. Double pleas are never allowed without leave of the court, and then only in exceptional cases. The necessity of these rules is manifest, because, if the defendant is allowed to plead several independent defenses to as many parts of the bill, he can thereby put the whole or a great part thereof in issue, thus presenting complications and difficulties which the office of a single plea is designed and intended to prevent. The rule is universal that but one plea can be set up in equity without express leave of the court. Jones v. Frost, 3 Mad. 1, 8; Gibson v. Whithead, 4 Mad. 241, 245; Kay v. Marshall, 1 Keen. 190, 196; Saltus v. Tobias, 7 Johns. Ch. 214; Didier v. Davison, 10 Paige, 515; Mitford's & Tyler's Pl. & Pr. in Eq. 381, 382, 383; Story's Eq. Pl. § 653; Reissner v. Annes, 3 Ban. & A. 148, Fed. Cas. No. 11,686; Wheeler v. McCormick, 8 Blatchf. 267, Fed. Cas. No. 17,498; Newby v. Oregon C. Ry. Co., 1 Sawy. 63, Fed. Cas. No. 10,145; Sharon v. Hill (C. C.) 22 Fed. 28, 10 Sawy. 394; McCloskey v. Barr (C. C.) 38 Fed. 165, 168; Knox Rock-Blasting Co. v. Rairdon Stone Co. (C. C.) 87 Fed. 969; Hostetter Co. v. Lyons Co. (C. C.) 99 Fed. 734, 735; Bunker Hill & Sullivan M. Co. v. Shoshone M. Co., 109 Fed. 504, 506, 47 C. C. A. 200; Rhode Island v. Mass., 14 Pet. 210, 259, 261, 10 L. Ed. 423; Farley v. Kittson, 120 U. S. 303, 314, 7 Sup. Ct. 534, 30 L. Ed. 684; Grant v. Phœnix Life Ins. Co., 121 U. S. 105, 115, 7 Sup. Ct. 841, 30 L. Ed. 905; United States v. California & Oregon Land Co., 148 U. S. 31, 39, 13 Sup. Ct. 458, 37 L. Ed. 354.

In Saltus v. Tobias, supra, the chancellor said:

"The reason why this court does not admit such pleas, containing different and distinct points, is that you may put all the different circumstances together in your answer, which you cannot do at common law. There is therefore not the same reason in equity as at law for pleading double. The

use of a plea here is to save time, expense, and vexation. If one point will put an end to the whole cause, it is important to the administration of justice that it should be pleaded; but, if you are to state many matters, the answer is the more commodious form to do it in. If the defendants might be permitted to bring two points, on which the cause depends, to issue, by his plea, he might bring three, or twenty, and so on, until all the matters in the bill are brought to issue by the plea."

In Story's Eq. Pl., supra, the author said:

"The true end of a plea is to save to the parties the expense of an examination of the witnesses at large. And the defense, proper for a plea, is such as reduces the cause, or some part of it, to a single point, and from thence creates a bar or other obstruction to the suit, or to the point to which the plea applies. Hence a plea, in order to be good, whether it be affirmative or negative, must be either an allegation or a denial of some leading fact, or of matters which, taken collectively, make out some general fact, which is a complete defense. * * * It may then be laid down as a rule that various facts can never be pleaded in one plea unless they are all conducive to a single point, on which the defendant means to rest his defense; for otherwise it will be open to the charge of duplicity and multifariousness."

In McCloskey v. Barr, supra, the court said:

"It is not usual, or in conformity with proper practice, for a defendant, without previous special leave of the court, to file several separate pleas, or to present several distinct and independent defenses in one plea to the suit, for the reason that the defense proper for a plea is such as reduces the cause, or some distinct part of it, to a single point or issue; the object of the plea being to save litigants the expense and trouble of going into the evidence, and a trial at large. In Mitf. & T. Eq. Pl. 381, it is said that 'it is generally conceived that a plea ought not to contain more defenses than one; and though a plea may be bad in part and not in the whole, and may accordingly be allowed in part and overruled in part, yet there does not appear any case in which two defenses offered by a plea have been separated, and one allowed as a bar.' The reason for this rule is fully and clearly explained on pages 382 and 383 of the same work. The plea may consist of a variety of facts and circumstances, without being bad for duplicity or multifariousness, provided they furnish as their result one clear ground upon which the equity of the bill, or the part thereof pleaded to, may be disposed of."

In the light of the principles announced in the cases cited, this court would be fully justified in striking the pleas from the files; but, inasmuch as counsel for defendants have appealed to the court to exercise its discretion and grant leave to file double pleas, it will perhaps be well to add a few remarks to what has already been said upon this subject. Admitting that the court has the power, in the sound exercise of its discretion, to grant such a procedure, it is manifest from all the authorities that it ought not to be exercised except for good and sufficient reasons, and to prevent injustice, because the allowance of more than one plea would not only be contrary to the regular and orderly course of pleading in equity causes, but would, as a general rule, have a tendency to delay instead of hasten the trial of the suit, and add to instead of lessen the expense of the litigants. The ends of justice are ordinarily more likely to be promoted by following the regular course herein suggested. The present suit does not call for any departure therefrom, certainly not in the face of the objections urged thereto. The exceptional cases where double pleas have been allowed relate to cases where great inconvenience would be sustained, and are almost exclusively confined to suits like Gibson v. Whithead,

Kay v. Marshall, and Van Hook v. Whitlock, supra, "where long accounts must be set forth in consequence of not being able to plead a double plea."

Chancellor Walworth, in Didier v. Davison, supra, stated the correct rule upon this subject as follows:

"Although this court has the power to allow the defendant to plead two or more pleas in bar, it is not a matter of course to allow it to be done upon an affidavit merely showing that the defendant believes he has several defenses, of which he might avail himself by plea if permitted to do so. The general rule is that where a defendant, in this court, wishes to set up more than one defense to the complainant's bill, he must do it by answer. And he must make out a very special case of hardship and inconvenience to justify the court in departing from the general rule. The cases which would appear to justify a departure from the usual course of proceeding are where the making of the defenses by answer, instead of pleas, would render it necessary for the defendant to set out very long accounts in his answer; or where the discovery of matters sought for by the bill might be productive of great injury to the defendant, in his business or otherwise, if he were required to put in a full answer."

One other question still remains, viz., whether all the pleas should be stricken from the file, or whether the defendants should be compelled to elect upon which plea they will rely. This, being a matter that rests entirely within the discretion of the court, will be left to the determination of the defendants' counsel.

The order of the court is that the motion to strike the demurrers from the files is granted. The motion to strike the pleas from the files is also granted, unless the defendants on next rule day elect to rely upon one of the pleas, designating it, in which event the one selected by defendants will be set down for trial. The costs of these motions to be taxed against defendants.