SCHMEISER MFG. CO. v. BLANCHARD et al.

(Circuit Court, N. D. California. November 10, 1911.)

1. EQUITY (§ 373*)—SUBMISSION ON PLEADINGS—RIGHTS OF DEFENDANT—
FAILURE OF COMPLAINANT TO TAKE TESTIMONY.

Where a complainant has failed to take any evidence in support of his bill within the time limited by the rules, or to move for an extension, defendant is entitled to have the case submitted on the pleadings.

[Ed. Note.—For other cases, see Equity, Dec. Dig. § 373.*]

**2. EQUITY (§ 359*)—DISMISSAL WITHOUT PREJUDICE—TIME FOR MAKING MOTION.**

A complainant is not entitled to dismiss without prejudice after replication filed, and after the expiration of the time for taking testimony.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 749–755; Dec. Dig. § 359.*]

In Equity. Suit by the Schmeiser Manufacturing Company against Martin H. Blanchard and others. On motion by defendants for submission on pleadings, and on motion by complainant to dismiss without prejudice. Complainant's motion denied, and defendants' motion granted, with decree for defendants.

Charles E. Townsend, for complainant.
Black & Clark, for defendants.

VAN FLEET, District Judge. [1] The complainant has failed to take any testimony in support of its bill, and the time for its taking under the rule has long since expired, while the record discloses no application for its extension. Based upon this ground, the defendants now move for a submission of the cause upon the bill, answer, and replication, and for a decree dismissing the bill with costs; and I am of opinion that they are entitled to such relief. McGorray v. O'Connor (C. C.) 79 Fed. 861; Sharon v. Hill (C. C.) 22 Fed. 28; Slessinger v. Buckingham (C. C.) 17 Fed. 454; Walcott v. Watson (C. C.) 53 Fed. 429, 432.

The letter from defendants' solicitor, written shortly after the expiration of the time given for the taking of testimony, to the solicitor for complainant, urging in behalf of his client that the case be "closed up before he dies," cannot be construed as an acquiescence in the delay, nor as an implied extension of time, waiving the right to the relief now asked. Nor is it material that, by reason of the bill waiving an answer under oath, the latter cannot be regarded as evidence in defendants' favor. It is not a case where defendants require any evidence in their behalf to entitle them to the relief asked. The shoe is on the other foot. The motion proceeds upon the theory that there is no evidence before the court in support of the bill which defendants are called upon to meet, and the case is not to be distinguished from one where the complainant refrains from filing a replication, but moves to set the cause down upon bill and answer. In such an instance it is well settled that every fact alleged in the bill which is positively denied in the answer is to be deemed established for the purpose of the motion. The burden is upon the complainant to establish what he affirmatively alleges, and, in the absence of proof, a defendant may always submit his case without any evidence on his part. See McGorray v. O'Connor and Sharon v. Hill, supra.

[2] The counter motion and consent of complainant that the bill be dismissed without prejudice comes too late to antagonize the present motion. It should have been interposed before replication filed, or at least before the expiration of the time for taking testimony. Welsbach Light Co. v. Mahler (C. C.) 88 Fed. 427; U. S. v. Reese (C. C.)

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

166 Fed. 347, 352. As stated by Judge Lacombe, in Welsbach Light Co. v. Reese, to allow the complainant now to discontinue "would deprive defendant of the right to enter such judgment of dismissal, and possibly avail of it hereafter in future litigation between the same parties." It is such a decree that defendants are entitled to as the case now stands.

The defendants' motion will be granted, and a decree may be entered, dismissing the complainant's bill, with costs.